## CHICAGO, R. I. & P. RY. CO. v. SCHANDS.

No. 6397. Opinion Filed April 5, 1916.

Rehearing Denied May 16, 1916.

(157 Pac. 349.)

1. MASTER AND SERVANT—Injuries to Servant—Safe Place to Work. Although a servant assumes the known and obvious increased hazards of a work which, by reason of the character of the work, becomes more dangerous as the work progresses, a master in such case is not absolved from any duty to furnish a safe place to work, but must use ordinary care to make the place where his servant works as safe as it can be made under the conditions of the work to be performed.

2. SAME. The fact that there may be dangers connected with the general class of work the servant is directed to perform, which ordinary care upon the part of the master cannot remove, does not excuse him from liability for injuries due to dangers which the exercise of ordinary care would remove.

3. NEGLIGENCE—Definition—Question for Jury. Negligence is the absence of care according to the circumstances of the case, and is always a question for the jury when reasonable men may differ as to the facts or as to the inferences to be drawn from them.

(Syllabus by Burford, C.)

*Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.*

Action by E. A. Schands against the Chicago, Rock Island & Pacific Railway Company for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. O. Blake, R. J. Roberts, W. H. Moore,* and *J. G. Gamble,* for plaintiff in error.

*W. S. Pendleton,* for defendant in error.

Opinion by BURFORD, C. In this action, E. A. Schands alleges that while engaged as a car repairer in

the Rock Island shops at Shawnee, Okla., he was directed to assist in stripping the siding, window casings, etc., from an old coach in order that it might be repaired; that while engaged in the work it was necessary and proper for him to sit upon a scaffold near the car, and that in endeavoring to place himself in that position he caught hold of a "subsill" of one of the windows in said car, which came away, causing him to fall and break his arm, and sustain other injuries. He alleges that a fellow servant had, without his knowledge, removed all the screws and nails which held said subsill in place, and had not removed the subsill itself, but had left it in place and apparently sol'd; he alleged that it was the duty of the defendant's servant, who loosened the sill, to immediately remove the same, and that leaving it in the position described was negligence which proximately caused his injury.

There are several assignments of error, but all are controlled by the contention of plaintiff in error that the rule requiring the master to exercise ordinary care to furnish the servant a safe place to work does not apply with respect to dangers arising in the progress of the work for which the servant is employed, or by reason of the constantly changing condition of such work. Many cases and texts are cited in support of this contention. We have carefully examined them and are of the opinion that the doctrine therein announced does not go to the extent urged. These cases deny liability either upon the ground of negligence of a fellow servant, which as to the defendant is eliminated by the Constitution of this state, or hold that the known or obvious extraordinary dangers incident to repairing structures already dangerous or unsafe, or

arising from the progress of a dangerous work, are assumed by the workman, which question in this state is ordinarily one for the jury. Here the court may instruct the jury as to what constitutes assumption of the risk, but cannot, as in other states, say as a matter of law that the servant did or did not assume any certain risk.

In *Ft. Smith & Western R. Co. v. Ketis*, 26 Okla. 696, 110 Pac. 661, this court, referring to many of the cases cited in plaintiff in error's brief, said:

"All of said cases elucidate the doctrine above stated, and hold that, when a servant engages in the work of making a place that is known to be dangerous, safe, or in a work which from its nature the safety of the place necessarily becomes dangerous as the work progresses, the hazard of the dangerous place and the increased hazard of the place made dangerous by the work are the ordinary risks of the employment, and are assumed by the servant when he accepts the employment."

This decision shows that in the situations referred to the doctrine is not that there is no duty of any kind upon the master to furnish a safe place, but that the basis of the rule of nonliability is the doctrine of assumption of risk. We are not willing to subscribe to the doctrine that because an employment is known to be dangerous the master is absolved from any duty to exercise reasonable care to furnish a safe place to work. Rather the master's duty is to exercise ordinary care to make the place where his servant works as safe as it can be made under the conditions of the work to be performed.

In *Sulzberger & Sons Co. v. Castleberry*, 40 Okla. 613, 139 Pac. 837, this court said:

"The fact that there may be dangers connected with the general class of work the servant is directed to per-

form which ordinary care upon the part of the master cannot remove, does not excuse him from liability for injuries due to dangers which the exercise of ordinary care would remove."

The master must use ordinary care to "provide a safe place in which the servant, being himself in the exercise of ordinary care, can perform his duty safely, or at least without exposure to dangers that do not come within the obv:ous scope of his employment." Of course, before a recovery for an injury can be had of the master, primary negligence upon his part must be proved *(C., R. I. & P. R. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876; *Barnsdall Oil Co. v. Ohler,* 48 Okla. 651, 150 Pac. 98), but being proved, even though the negligence be that of a fellow servant *(C., R. I. & P. R. Co. v. Dennis,* 44 Okla. 258, 144 Pac. 368), the question of whether or not the risk was assumed is a question for the jury.

In this case the primary negligence alleged is that of the fellow servant in leaving the subsill in place after removing all the screws which held it, thus leaving an apparently sound and solid structure which was in reality of no value as a support. Whether or not this constituted negligence or whether it was a risk incident to the work being performed, and which was therefore assumed, was for the jury under proper instructions from the court. In this case we think from an examination of the record that such question was fairly so submitted.

"Negligence is the absence of care accord'ng to the circumstances of each case, and is always a question for the jury, when there is a reasonable doubt as to the facts, or as to the inference to be drawn from them; i. e., where reasonable men may differ as to the existence thereof."

(*Rock Island Coal Co. v. Davis*, 44 Okla. 413, 144 Pac. 600.)

Error is alleged upon the refusal of instructions. After a thorough examination we are of the opinion that the proper portions of those offered were covered by the instructions given.

The judgment is affirmed.

By the Court: It is so ordered.