## CHICAGO, R. I. & P. R. CO. v. GOLDMAN.

No. 10937—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Appeal and Error—Change of Theory on Appeal.**

Where a party tries his case upon one theory in the trial court, he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial court.

2. **Negligence—Question for Jury.**

In an action for damages, where a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence, the determination of the matters is for the jury.

3. **Appeal and Error—Questions of Fact—Verdict — Question Whether Animal Killed on Station Grounds.**

Where the evidence is conflicting as to whether an animal was struck within the limits of the station grounds, which were not required to be fenced under the law, or whether it was struck on the right of way, outside the station grounds and where the company was required to maintain fences, the verdict of the jury upon said question of fact is binding upon this court, and will not be disturbed upon appeal.

4. **Same—Direction of Verdict.**

Record examined, and held, that the court did not err in refusing to direct the jury to return a verdict for the defendant.

5. **Same—Instructions.**

Record examined, and held, there was no error in the instructions given by the court.

Error from District Court, Oklahoma County; J. I. Phelps, Judge.

Action by Laura Goldman against the Chicago, Rock Island & Pacific Railway Company for damages for killing cow. Judgment for plaintiff, and defendant brings error. Affirmed.

Roy St. Lewis, C. O. Blake, W. R. Bleakmore, and Raymond A. Tolbert, for plaintiff in error.

Albert G. Morrison, for defendant in error.

McNEILL, J. Laura Goldman commenced this action against the Chicago, Rock Island & Pacific Railway Company before a justice of the peace, praying damages in the sum of $100 for a cow, which was alleged to have been killed October 7, 1917, on defendant's right of way, near the town of Choctaw, Okla., and one of the acts of negligence alleged was the failure to build and maintain and keep in repair a fence along the track.

An amended petition was filed, wherein it was alleged that since said date a receiver had been appointed for the railroad company, and the railroad lines and property had been turned back to the company, and the plaintiff believed, under the decree of the court, being equity case No. 445 (giving the style and the court), the company should be liable for the negligent acts of the receiver, the same as the receiver.

Defendant company made default in the justice court, and from a judgment rendered against it, appealed to the district court. The case was tried in the district court to a jury, and a verdict returned in favor of the plaintiff and against the defendant for the sum of $75. From said judgment, the defendant has appealed to this court.

For reversal, plaintiff in error assigns three specifications of error:

First, that plaintiff's bill of particulars does not state a cause of action against plaintiff in error. In support of this specification of error, plaintiff in error contends that the bill of particulars failed to allege that as a matter of fact there was a final decree discharging the receiver, and placing the property back in the hands of the railroad company which provided that the defendant company should be liable the same

as the receiver, and that no copy of the decree of the court discharging the receiver was attached to the bill of particulars. No demurrer was filed to the petition in the lower court, nor was the sufficiency of the petition challenged by objecting to the introduction of evidence. There is no evidence in the record regarding a receiver ever being appointed. The matter of receivership was not presented to the lower court, either in the evidence or instructions of the court. The bill of particulars did refer to the number and title of the receivership case and where it was pending. The engineer who operated the train when the cow was killed testified he was working for the Rock Island Company at the time. Both parties tried the case upon the theory that the railroad company was operating the train at the time the cow was killed, and if the same occurred by the negligence of the company the company was liable.

This court in a long line of decisions has announced the following rule:

"Where a party tries his case upon one theory in the trial court he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial court." Hughes v. Kano, 68 Okla. 203, 173 Pac. 447.

It is next contended that the court erred in refusing to direct the jury to return a verdict in favor of defendant. The plaintiff alleged as one of its grounds that the cow was killed, first, by the negligence of the defendant in failing to maintain a proper fence along its right of way. It is admitted that in the town of Choctaw there is a public crossing less than a quarter of a mile west of the depot. There is no fence along the right of way between this crossing and the depot. There are side tracks used for switching on this part of the right of way. There is also a long sidetrack that is designated by the parties as a passing track, which extends along in front of the depot to the west, past the public crossing and a considerable distance further west. A plat was introduced in evidence, and it disclosed that the right of way is fenced west from the public crossing.

The plaintiff produced Mr. Anderson, a witness who at the time the cow was killed in April, 1917, was working on the section for the railroad company. He testified he found the cow the next morning about two and a quarter miles west of the Choctaw station lying on the north side of the track in a ditch. He saw signs on the track which indicated the cow had been struck about a quarter of a mile west of the depot of Choctaw, or about 150 yards west of the crossing. He testified the right of way was fenced at that place, but the fence was in bad condition and torn down in some places. Whether the cow was struck at the place indicated, he could not tell, but that was the first place where he found signs of the cow being dragged by the train.

Another witness, Gallamore, who was working for the railroad, saw hair of the cow and blood on the ties, and this appeared first about a quarter of a mile west of the depot and extended for a period of about two miles to where the cow was found. He testified the right of way was fenced on both sides of the road. These witnesses differ as to whether there were cattle guards across the track at the crossing; it being admitted that at this point there are two tracks, one on the main line and the other used as a passing track.

On behalf of the company, the engineer operating the freight train testified he was coming west at about 11 o'clock at night, and had a good headlight; when coming through Choctaw he saw a cow approaching the track from the left side, and asked the fireman if he had hit the cow, and the fireman said "no," and later on the fireman said he didn't see any cow. Engineer stated he saw the cow coming toward the track about 100 or 150 feet ahead of the engine, but did not know he had hit her until he stopped to double a hill about two miles west of Choctaw, where he got down and looked under the engine and found the cow under the pilot. He was running at 15 miles an hour, and could not have stopped the train to avoid the collision by using the emergency brake. He stated that the place on the track where he hit the cow was half way between the Choctaw depot and the end of the switch.

The plaintiff in error contends that, the engineer's evidence being uncontradicted, the cow was struck on the station grounds, which the company is not required to fence, and there was no question of fact to submit to the jury. With this we cannot agree. The evidence on behalf of the plaintiff was sufficient to justify the inference that the cow was struck on the right of way outside of the station grounds. The evidence of the engineer on cross-examination supports the proposition that the cow was struck on the right of way between the crossing west of Choctaw and the switch on a passing track to the west of the crossing. The evidence is conflicting

as to whether the right of way is fenced from the crossing to the end of this passing track switch. It is clear that there are fences on the side, but parties differ whether it is cross-fenced at the crossing, and has cattle-guards.

The question of whether a certain part of the track constituted a part of the station grounds, where a railroad company is by statute exempt from maintaining a fence, is a question of fact for the jury. Such is the holding by this court in the case of Missouri, K. & T. Ry. Co. v. Banby, 75 Okla. 57, 181 Pac. 313. This court in the case of Wichita Falls & N. W. Ry. Co. v. Groves, 81 Okla. 34, 196 Pac. 677, stated as follows:

"In an action for damages for death, where a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury."

By application of the principle above announced, we think there was no error in overruling the motion to direct a verdict for the defendant.

It is next contended that the court erred in giving instruction No. 3, wherein the court advised the jury that, even though the cow in question was within the station grounds, it would be the duty of the operator of the train to use all reasonable precaution to keep from injuring the cow upon discovery, after ascertaining there was danger of collision between the cow and the engine. The engineer testified that he saw the cow 100 or 150 feet ahead of the engine coming toward the track. The train was running about 15 miles per hour. He testified he gave short blasts of the whistle, called the stock alarm. He was asked if he could by application of the emergency brake have stopped the train and avoided the collision, and he answered "no." Whether sounding the stock alarm without blowing off steam or ringing the bell was reasonable precaution to have prevented the collision, was a question of fact for the jury.

For the reasons stated, the judgment of the district court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, and NICHOLSON, JJ., concur.