## WEST v. FONDREN et al.

No. 11968—Opinion Filed Oct. 2, 1923.

**1. Appeal and Error—Questions of Fact—Verdict.**

Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and finding of the jury is conclusive upon appeal to the Supreme Court.

**2. Evidence—Res Gestae—Memorandum.**

The question of the admissibility of a certain memorandum as a part of the res gestae should, in a great measure, be left to the determination of the trial court.

**3. Same.**

Record examined, and held, that there was no error in the admission of certain evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by John Fondren and Frank Fondren, a copartnership, doing business under the style and firm name of Fondren Brothers, against John West, to recover a money judgment. Judgment for plaintiffs, and defendant brings error. Affirmed.

Wilson & Roe, for plaintiff in error.

P. Mounts, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Tillman county, Okla., on the 11th day of February, 1918, by John Fondren and Frank Fondren, a co-partnership, doing business under the style and firm name of Fondren Brothers, defendants in error, plaintiffs below, against John West, plaintiff in error, defendant below, to recover the sum of $675, alleged to be due them as commission on the sale of a certain farm, located in Tillman county, Okla., belonging to the plaintiff in error. The parties will be hereinafter referred to as they appeared in the court below.

The petition alleged that the defendant listed said farm for sale with plaintiffs at the price of $13,500, and that thereafter and on or about the —— day of December, 1917, they found a purchaser ready, willing, and able to purchase said farm at the list price of $13,500, but that the defendant without cause refused to convey said farm to said purchaser.

It was further alleged that plaintiffs were due the sum of five per cent. of the sale price as commission, for which amount th, demanded judgment.

The answer of the defendant was a general denial. The cause was tried to a jury in the district court of Tillman county on the 21st day of June, 1920, and resulted in a verdict for plaintiffs in the sum of $625. Judgment was entered upon the verdict, and the defendant appeals and assigns the following errors:

First. The trial court erred in overruling the motion of plaintiff in error for a new trial.

Second. Said court erred in not rendering judgment for the plaintiff in error on the pleadings.

Third. Said court erred in overruling the demurrer to the petition.

Fourth. Said court erred in admitting evidence on the part of the defendants in error.

Fifth. Said court erred in refusing and ruling out competent and legal evidence on the part of plaintiff in error.

There are only two propositions argued and discussed by counsel for plaintiff in error in their brief as grounds for reversal, namely:

(1) That the plaintiffs' evidence failed to show that they had found a person who was ready, willing, and financially able to purchase the farm at the price, within the time, and upon the terms fixed by the defendant.

(2) That the court erred in admitting in evidence the written memorandum of listing of the farm as made by the plaintiffs at the time they claimed to have obtained the right to sell the same as agents.

There was evidence, as disclosed by the record before us, that the defendant listed the farm for sale at the price of $12,500, if sold before wheat was planted, and that if sold after wheat was sown, he was to receive the cost of sowing the wheat extra. There was no dispute that the cost of sowing the wheat could not have exceeded the sum of $200, and that the plaintiffs found Jim Dod-

son, who was ready, willing, and able to purchase the farm at the price of $13,500. While the evidence of the listing and the terms thereof were disputed, they were matters for the jury to determine under proper instructions.

It is well settled by a long and unbroken line of authorities in this state that where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, then the verdict and finding of the jury is conclusive upon appeal and will not be disturbed by this court.    Harris v. Ownby, 58 Okla. 667, 160 Pac. 596; Bunker v. Harding et al., 70 Oklahoma, 174 Pac. 749; Carden v. Humble, 76 Okla. 165, 184 Pac. 104; Lusk et al. v. Bandy, 76 Okla. 108, 184 Pac. 144.

There being no objection to the instructions given by the court to the jury, it follows that the verdict of the jury must stand, unless the court erred in the admission of the written memorandum of listing of the farm made by the plaintiffs at the time they obtained the right to sell the same.

The plaintiffs testified that at the time of the listing of the farm by the defendant, they entered a memorandum of the transaction in a book kept for that purpose, and the entry so made, showing a listing of defendant's farm for sale at the price of "$12,-500 net if sold before wheat is sowed, if wheat is sowed will want pay for that extra," was introduced over the objection of the defendant.

It is insisted that the admission of this testimony constituted prejudicial error for the reason that it was a self-serving declaration in the nature of hearsay. The plaintiffs testified that the entry was made in the presence of the defendant, with his knowledge and consent, and contemporaneous with the actual listing of the farm. There is nothing in the record to indicate that the entry did not constitute a part of the main transaction and as explanatory thereof.

Under these circumstances the trial court could have admitted the evidence as a part of the res gestae. Stirling v. Buckingham, 46 Conn. 461; David v. People, 192 Ill. 176, 61 N. E. 537; Eagon v. Eagon, 60 Kan. 697, 57 Pac. 942.

The question of the admissibility of a memorandum as a part of the res gestae was a matter largely for the determination of the trial court. The rule of this court upon

that question is stated in the case of St. Louis & S. F. R. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126, wherein Mr. Justice Kane, in delivering the opinion, said:

"A great many authorities are cited by counsel for both plaintiff and defendant purporting to sustain their respective contentions in regard to the admissibility of the porter's statement.    However, as every case must be treated upon its own circumstances, we do not find the iteration and reiteration of the well-known rule and its application to many varying and dissimilar sets of facts to be particularly helpful.    This court seems to be committed to the doctrine that the admissibility of this class of testimony ought to be left, in a great measure, to the discretion of the trial court. * * * And Mr. Wigmore in his work on Evidence (section 1750) is of the opinion that the courts 'should, if they are able, lift themselves sensibly to the even greater height of leaving the application of the principle absolutely to the determination of the trial court.' "

This same rule has been followed in the cases of Smith et al. v. Chicago, R. I. & P. Ry. Co., 42 Okla. 577, 142 Pac. 398, and Herring et al. v. Hood, 55 Okla. 737, 155 Pac. 253.

The admissibility of said memorandum as part of the res gestae being largely for the determination of the trial court, unless this court can say the trial court's ruling upon that question is erroneous, it should not be disturbed.    From an examination of all the evidence upon this point, we do not think the trial court committed error in permitting the introduction in evidence of said memorandum.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.