## ADREAN v. MATHEWS.

No. 14698—Opinion Filed Oct. 7, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Appeal and Error—Review—Conclusiveness of Verdict.**

Where there is competent evidence reason-

ably tending to support the verdict of the jury, and no prejudicial errors of law are shown, or its rulings upon law questions during the trial, the verdict and findings of the jury are binding, and conclusive upon appeal.

### 2. Negligence—Definition—Jury Question.

"Negligence" is the absence of care according to the circumstances of the case, and is always a question for the jury when reasonable men may differ as to the facts or as to the inferences to be drawn from them.

### 3. Same.

In an action for damages, where a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence, the determination of the matter is for the jury.

### 4. Judgment Sustained.

The record in this case examined, and the evidence held sufficient to sustain the verdict of the jury.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; John P. Boyd, Special Judge.

Action by Laura Mathews against D. H. Adrean. Judgment for plaintiff, and defendant brings error. Affirmed.

Coffey & Grove, for plaintiff in error.

E. I. Saddler, for defendant in error.

Opinion by JONES, C. This is an appeal from a judgment rendered by the district court of Tulsa county, wherein the appellee, Laura Mathews, was the plaintiff, and the appellant, D. H Adrean, was defendant. Plaintiff seeks to recover damages for personal injuries and damages to her buggy, which injuries she alleges were the result of the negligence of the defendant. To the petition of plaintiff the defendant filed his answer, generally denying all the allegations of plaintiff's petition, and sets up the defense of contributory negligence on the part of the plaintiff.

The facts, as disclosed by the record, show that the plaintiff. in company with another colored woman. was traveling along the highway leading from Sand Springs to Tulsa, in a one-horse buggy, on the extreme right hand side of the road; that immediately in front of defendant's vehicle was another wagon and a buggy; that the defendant's wife, Mrs. Adrean, was driving a Ford truck, which belonged to her husband, the defendant, and approaching the plaintiff from the

rear, and that immediately behind the Ford truck driven by Mrs. Adrean. there was a Nash touring car, driven by a Mrs. Dawson, with whom the defendant in this case, Adrean, was riding. At the point where the injury was sustained. which is complained of, Mrs. Adrean, who was driving the truck, which belonged to her husband. the defendant, attempted to pass to the left of the plaintiff, and likewise the parties in the Nash car followed immediately behind the Ford truck, and at about the time they were opposite or passing the buggy driven by the plaintiff, the driver of the truck, Mrs. Adrean, observed a car rapidly approaching from the opposite direction, or meeting her, and realizing that she would be unable to pass the vehicle driven by the plaintiff. and other horse-drawn vehicles immediately in front of the plaintiff before meeting or coming in contact with the on-coming car, slowed down the speed of the truck and was attempting to drop back to the rear of the buggy driven by the plaintiff and pulled too far to the right. coming in contact with the buggy, which resulted in the destruction of one wheel of the buggy, and turning the same over with its occupants.

The plaintiff alleges the injuries sustained to the buggy to be of the sum of $50. and that the personal injuries received by plaintiff to be the sum of $950. On the trial of the case to a jury. a verdict was returned in favor of the plaintiff for the sum of $180, and judgment rendered by the court in accordance therewith, from which verdict and judgment the appellant prosecutes this appeal, and sets forth various assignments of error, but in his brief bases his right to a reversal in this case solely on one proposition, that:

"The evidence shows conclusively in our opinion that this was an unavoidable accident and not negligence, and that same was unavoidable and could not be prevented by human care, skill or foresight, under the circumstances as related by the witnesses, both for the plaintiff and for the defendant."

Appellant cites numerous excerpts, or portions of the testimony given by the witnesses, both for the plaintiff and for the defendant. and numerous authorities in support of the above contention, but we are unable to concur with counsel for appellant in the contention made. The evidence which appellant calls our attention to, aside from the brief statement of facts heretofore set forth. shows that there was a sharp conflict in the evidence as to how the collision occurred. Some of the witnesses testified that the

buggy was struck by the truck at the side and as the truck was slowing down evidently for the purpose of retaking its place to the rear of the buggy, and that the collision was the result of the driver of the truck pulling the truck too far to the right, and in direct contact with the buggy. Other witnesses testified that the truck had slowed down and was to the rear of the buggy, and that the Nash touring car, which was driven immediately in the rear of the truck, being a heavier car and not able to stop with such rapidity, or slow down as the truck had, ran into or skidded against the truck, forcing or driving the truck against the buggy, which was the direct cause of the collision. Another witness testified that the horse drawing the buggy of the appellee became excited, reared up and fell backward against the buggy, with such force as to produce the injury complained of, and which resulted in the overturning of the buggy with its occupants. Clearly showing a material conflict in the evidence as to the manner of the collision and as to whether or not it was the result of any negligence on the part of the appellee. This presents a question for the determination of the jury.

In the case of West v. Fondren. et al., 92 Okla. 239, 218 Pac. 1080, the following rule is announced:

"Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its rulings upon law questions presented during the trial, the verdict and finding of the jury is conclusive upon appeal to the Supreme Court."

And in the case of Chicago, R. I. & P. Ry. Co. v. Schands, 57 Okla. 688, 157 Pac. 349, the court said:

"Negligence is the absence of care according to the circumstances of the case, and is always a question for the jury when reasonable men may differ as to the facts, or as to the inferences to be drawn from them."

And in the case of Phillips v. Classen, 93 Okla. 82, 219 Pac. 708, this court said:

"There is no such thing as contributory negligence on the part of a plaintiff, unless there also appears primary negligence on the part of the defendant; and in this jurisdiction the matter of contributory negligence on the part of the plaintiff is always a question of fact for the jury."

Invoking this rule it might be said that the interposing of the defense of contributory negligence presupposes primary negligence on the part of the defendant, and

would constitute an admission of negligence on the part of the defendant. but we deem it unnecessary to pass on that question in this case, as the rule relied on by the appellee has been repeatedly followed in this jurisdiction, and the question of negligence is unquestionably an issue of fact for the determination of the jury.

In the case of Chicago, R. I. & P. Ry. Co v. Goldman. 89 Okla. 85. 214 Pac. 129. this court said:

"In an action for damages where a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence, the determination of the matter is for the jury."

And in the case of Incorporated Town of Sallisaw v. Wells. 90 Okla. 78. 216 Pac. 118 it is said:

"In a suit for personal injuries the question of whether or not defendants' negligence is the proximate cause of the injury sustained, should be left to the jury, where the evidence is conflicting or where men of ordinary intelligence might differ as to the effect of the evidence on the point."

The same rule is announced in the City of Tulsa v. McIntosh, 90 Okla. 50, 215 Pac 624. Likewise the question of contributory negligence is a question for the jury. In the case of Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141, this court said:

"Contributory negligence is a question" to be "submitted to the jury for their determination, but contributory negligence on the part of the plaintiff presupposes negligence on the part of the defendant. Before the question of contributory negligence on the part of the plaintiff can arise, negligence of the defendant must first be shown. If there is no negligence upon the part of the defendant shown, and the negligence of the plaintiff only, or of his fellow servant, caused the injury, then it is primary, * * * and there can be no case to go to the jury."

Appellant raises no question as to the competency of the evidence introduced, or as to the instructions given by the court, and while the evidence on the question of negligence is not of the most satisfactory nature, we are inclined to the opinion, under the rules heretofore stated. that there was sufficient evidence tending to show negligence on the part of the defendant to justify the verdict of the jury. The contention of the appellant that the skidding of the Nash touring car into the truck driven by his wife was the direct and proximate cause of the injuries is not supported by the evidence, at least, there is a serious conflict in the evi-

dence as to this point, and conceding this to be true, we doubt that it could be successfully pleaded as a defense in the face of the rule of law announced in R. C. L. vol. 20, p. 102, art. 89, which has been followed by this court in the recent case of Jueschke v. Seeley, 98 Okla. 133, 224 Pac. 341, wherein the rule was announced as follows:

"Where an injury is the product of the combined negligence of several persons, such persons are jointly and severally liable to the person injured and suit may be instituted against one or all of the wrongdoers."

Which announces a correct legal principle. Finding no error in the record as presented, we therefore recommend that the case be affirmed.

By the Court: It is so ordered.