**POLSON, Trustee, v. REVARD et al.**

No. 14964—Opinion Filed Dec. 2, 1924.

1. **Corporations — Forfeiture of Charter — Winding up Affairs—Powers of Directors and Managers.**

Under the provisions of section 9954, Comp. Stat. 1921, the directors or managers in office, of a domestic corporation, whose charter is forfeited, are deemed to be trustees of the corporation and stockholders, and as such trustees have full power to settle the affairs of the corporation and to maintain all legal proceedings necessary in settling up the affairs of the corporation.

2. **Appeal and Error—Objections Below— Limitation of Actions — Necessity of Pleading.**

The defense of the statute of limitations must be affirmatively pleaded, to be available, and when it is not pleaded nor considered by the trial court, it cannot be asserted for the first time upon appeal.

3. **Appeal and Error—Change of Theory of Case.**

When a party tries his case upon one theory in the trial court, he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the Midland Valley Mercantile company, a corporation and T. M. Polson against F. M. Revard and Romanzy Revard. From judgment in favor of defendants, plaintiff brings error. Reversed, with directions.

Grinstead & Scott, for plaintiff in error.

Leahy, Mac Donald & Holden and M. L. Holcombe, for defendants in error.

Opinion by PINKHAM, C. This action was commenced on the 17th day of December, 1920, in the district court of Osage county by the Midland Valley Mercantile Company, a corporation, and T. M. Polson, as plaintiff's, against F. N. Revard and Romanzy Revard, as defendants, upon a promissory note made by the defendants to the Midland Valley Mercantile Company on the 8th day of September, 1907, for the sum of $812.65, and interest and an attorney's fee in the sum of $91.26.

Defendants made payments on said note in the sum of $185, the last payment being for $50 on the 20th day of December, 1915.

The defendants filed a motion to strike the name of T. M. Polson from the caption of the petition and to strike the allegation in plaintiff's petition that T. M. Polson was the sole owner of the stock of the Midland Valley Mercantile Company, a corporation.

On June 16, 1921, an amended petition was filed by the plaintiff, omitting the name of T. M. Polson as plaintiff, and the allegation that T. M. Polson was the sole owner of the stock of the Midland Valley Mercantile Company.

Defendants filed their answer to the amended petition; admitted the execution of the note; and pleaded full payment and discharge thereof.

For further defense defendants set up the fact that the charter of the Midland Valley Mercantile Company, a corporation, had been forfeited for the nonpayment of corporation license tax, and that by reason thereof the corporation was defunct, inoperative, and legally dead.

Plaintiff filed its motion to strike the allegation of the answer as to the forfeiture of the charter of the corporation, which was overruled.

On the 25th day of March, 1923, the day of the trial, plaintiff requested leave of the court to amend its amended petition to make T. M. Polson, as trustee of the stockholders of the Midland Valley Mercantile Company, a corporation, plaintiff, and further to plead that T. M. Polson was the sole owner of the stock of said corporation on the date of the forfeiture of the charter, and that he was on said date the president and manager of said corporation. This application was granted and the amended petition amended in that respect.

Upon these issues the case was tried to the court. At the close of the evidence the defendants moved the court for judgment on the record. The court sustained the motion and entered judgment for the defendant for the reason that the plaintiff had no legal capacity to sue and maintain the action.

Motion for new trial was overruled and plaintiff appeals.

The only question necessary to be considered in this case is whether the trial court erred in holding and declaring that the plaintiff, T. M. Polson, as trustee of the stockholders of the Midland Valley Mercantile Company, a corporation, whose charter was forfeited for failure to pay the corporation license tax, had no legal capacity to sue and maintain the action.

It is conceded that the charter of the Midland Valley Mercantile Company, payee named in the note, was canceled on June 10, 1919 by the corporation commission for nonpayment of license tax, and that it failed to apply for reinstatement within six months thereafter.

The charter was canceled pursuant to section 9955, Comp. Stat. 1921.

The journal entry of judgment discloses that the court found that the plaintiff, T. M. Polson, as trustee of the stockholders of the Midland Valley Company, a corporation, had no legal capacity to sue and maintain the action because of the fact that its charter was forfeited for failure to pay the corporation license tax as provided by section 9955, supra.

It will be seen that the judgment of the court was based entirely upon the theory that the plaintiff could not maintain his action by reason of the forfeiture of the charter of the corporation for failure to pay the license tax.

The evidence shows that before the corporation was dissolved by order of the Corporation Commission the plaintiff, T. M. Polson, had become the sole owner of the entire stock of the corporation. The execution of the note sued upon was admitted in defendants' answer. The defendants pleaded payment. On the trial of the case the defendants offered no proof of payment. The entire defense was based on the certificate of the Secretary of State, which disclosed the fact of the cancellation of the charter of the corporation by the Corporation Commission for nonpayment of the license tax.

Under the provisions of section 9954, Comp. Stat. 1921, the directors or managers of any domestic corporation whose charter may be forfeited or deemed to be trustees for the corporation and all the stockholders and members of the corporation whose power or right to do business is forfeited, and as such trustees shall have full power to settle the affairs of the corporation, and to maintain or defend any such corporation, or to take such legal proceedings as may be necessary to finally settle the affairs of said corporation, and such directors or managers as such trustees may be sued in any of the courts of this state by any person having a claim against any such corporation.

In the light of this statute we think it is clearly apparent that the plaintiff, T. M. Polson, who was the president and manager of the corporation and the owner of its entire stock, as shown by the undisputed evidence, became the trustee for the corporation and as such was authorized to maintain the suit.

As we understand the argument of counsel for defendants, it is not contended that Mr. Polson had no legal capacity to maintain the suit, but that if the judgment denying relief to the plaintiff can be sustained on other grounds, the judgment should not be disturbed.

The particular ground upon which it is urged by defendants the judgment may be upheld is that the statute of limitations is available to the defendants by reason of the disclosures of the record, which, it is argued, shows that the claim of the plaintiff was barred by the statute of limitations. It is contended that the substitution of Polson as plaintiff was in fact the beginning of a new action, and that at the time Polson was made party plaintiff the statute of limitations had run.

This contention cannot be sustained. The statute of limitation was not pleaded, and so far as the record discloses the question was not presented in any manner in the trial court.

The defense of the statute of limitations must be affirmatively pleaded to be available, and where it is not pleaded nor considered by the trial court it cannot be asserted for the first time upon appeal. Emerson et al. v. Peters et al. (Kan.) 202 Pac. 601.

In many decisions of this court, it has been held that the statute of limitations must be pleaded by the party asserting or claiming it, and that where it is not pleaded it is waived. Morrissey v. Shriver et al., 88 Okla. 269, 214 Pac. 702.

In a number of decisions of this court it has been held that the substitution of a new party plaintiff is not the beginning of a new suit, but that the same relates back to the time of filing of the suit, and that the same will be done for the purpose of preventing the running of the statute of limitations. Cowan et al. v. Atchison, T.

& S. F. Ry. Co., 66 Okla. 273, 168 Pac. 1015; Motsenbocker et al. v. Shawnee Gas & Elec. Co. et al., 49 Okla. 304; 152 Pac. 82.

In the last case it is said in the second paragraph of the syllabus:

"The filing of an amendment adding the names of the brothers and sisters as parties plaintiff in an action though permitted more than two years after the filing of the original petition, was not the statement of a new cause of action but the amendment related back to the commencement of the action so as to defeat a plea of the statute of limitations."

Furthermore, it clearly appears that the defendants tried this case in the trial court on a certain and definite theory, which was that the plaintiff had no legal capacity to sue and maintain the action.

It is well settled in this jurisdiction that a party to an action, having presented his case or defense, to the trial court upon a certain and definite theory, is bound thereby throughout the subsequent stages of said cause, and in such a situation he will not be permitted to change in this court and prevail upon another theory and issue not presented to the trial court. C., R. I. & P. Ry. Co. v. Goldman, 89 Okla. 85, 214 Pac. 129.

The plaintiff being clearly entitled to maintain the action, and there being no dispute in the evidence that the plaintiff is entitled to judgment against the defendants on the note sued upon, we conclude the judgment of the trial court should be reversed, with directions to render judgment for the plaintiff and against the defendants, as prayed for in plaintiff's amended petition.

By the Court: It is so ordered.