## WRIGHT, Rec., v. CLARK.

No. 26266. Sept. 8, 1936.

Rehearing Denied Sept. 29, 1936.

Application for Leave to File Second Petition for Rehearing Denied Oct. 13, 1936.

Hudson & Hudson, for plaintiff in error.

Speakman & Speakman, for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Creek county by Pearl Clark, the widow of Leonard Clark, hereinafter referred to as plaintiff, against C. H. Wright, receiver for the Sunray Oil Company, hereinafter referred to as defendant, wherein it was sought to recover damages for the alleged wrongful death of Leonard Clark. The cause was tried to a jury and a verdict rendered in favor of plaintiff in the sum of $37,000. Thereafter a showing was made by defendant to the effect that plaintiff had previously sought permission from the federal court to sue the receiver and permission was granted upon condition that plaintiff should not enforce a claim of more than $20,000 against the receiver. Upon such showing the trial court directed a remittitur of $17,-

000 and entered judgment in favor of plaintiff for $20,000, from which defendant has appealed.

On October 9, 1933, the deceased, with three other employees of defendant, was working on an oil and gas lease near Allen, Okla., belonging to defendant; deceased and his coworkers were engaged in pulling tubing from a well. The apparatus used for pulling said tubing consisted of a set of elevators or clamps which were attached to a block or large pulley which carried a cable. The apparatus was operated by power-driven machinery. The elevator or clamps would be attached to a joint of the tubing and pulled up into the derrick by the power-driven machinery one joint at a time, the tubing in the well being held in place by means of clips.

There was erected a tubing board or platform in the derrick approximately 31 feet from the floor. A ladder had been erected on the west side of the derrick. In order to facilitate the stacking of joints of tubing pulled from the well, the tubing board had been moved to the east side of the derrick. Deceased was stationed on the tubing board, and having completed his duties at that point, it became necessary for him to descend to the floor of the derrick. Deceased had his choice between two methods of descending. He could have walked around the derrick on the girts and held to the braces and thus reached the ladder, which was about 18 feet from the tubing board on the opposite side of the derrick. Instead, deceased elected to ride the elevators down to the floor.

The evidence shows that the elevators were about even with the tubing board and that deceased stepped out upon the elevators and took hold of the block; that the block turned upside down and deceased fell head first to the floor of the derrick and thereby received fatal injuries.

Plaintiff's theory of recovery is stated in the recent case of Southern Drilling Co. v. McKee, Adm'x, 171 Okla. 409, 42 P. (2d) 265, as follows:

"It is the duty of a master to furnish a servant with a reasonably safe place in which to work, reasonably safe appliances with which to work, reasonably safe material with which to work, and a reasonably safe method by which to work, which duties the master cannot delegate so as to relieve himself of liability from injuries resulting from their violation."

Defendant filed a general denial and a plea of contributory negligence and assumption of risk.

Upon appeal it is urged that the trial court erred in overruling defendant's demurrer to plaintiff's evidence and motion for an instructed verdict, and that the verdict of the jury is not sustained by sufficient evidence. These assignments will be considered together.

"Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, this court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered on the verdict, and the verdict will not be disturbed on appeal.

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and upon demurrer to the evidence the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove." Baker v. Chaney, 167 Okla. 164, 28 P. (2d) 1092.

"In the trial of a disputed question of fact the jury is the sole judge of the weight and credibility of the various witnesses, and its verdict upon questions of fact will not be disturbed by this court, if there is any testimony that reasonably tends to support the verdict." Oil Reclaiming Co. v. Reagin, 169 Okla. 505, 37 P. (2d) 289.

There was some conflict in the evidence upon the determinative issues of fact. Evidence was submitted by plaintiff to the effect that the methods employed for pulling the tubing were not the usual and customary methods generally used. Evidence was offered to the effect that it was not necessary to move the tubing-board or platform from the west side to the east side of the derrick, and the general custom was not to stack the tubing in the derrick, but to move it to the outside of the derrick as it was pulled from the well. It is argued that if the usual method had been employed the ladder would have been available to deceased as he descended to the floor of the derrick, but since the platform was moved to the side opposite the ladder, any manner of descent chosen by deceased would be hazardous. Evidence was likewise introduced to the effect that the block which was in use at the time of deceased's fatal injuries was an obsolete type. From the record it appears that the block used was a simple

form of pulley, and would easily tip over; that there was in general use in the oil fields a newer and more modern type of block which was so constructed that it would not turn completely over. It is argued by defendant that no block is made or manufactured that would be safe to ride up and down inside the derrick. The evidence is unmistakable, however, that the newer and more modern type of block was less dangerous than the type actually used. It is also contended by plaintiff that the elevators were considerably lighter than the elevators generally used, which made it easier for the block to topple over.

Evidence was also introduced to the effect that it was the custom of the employees of defendant to ride the block up and down in the derrick, which custom was well known to defendant. Plaintiff cites the case of Selden-Breck Construction Co. v. Linnett, 38 Okla. 704, 134 P. 956, wherein this court approved a recovery for damages in favor of one who was injured on an elevator. It was shown that the elevator was constructed for the transportation of building materials and was marked "dangerous. * * * Persons riding this hoist do so at their own risk"; but that various employees rode the elevator with the knowledge and consent of defendants. It was held that the evidence was sufficient to take the question of negligence to the jury where an employee was injured on account of defective construction of the elevator.

"Although a servant assumes the known and obvious increased hazards of a work which, by reason of the character of the work, becomes more dangerous as the work progresses, a master in such case is not absolved from any duty to furnish a safe place to work, but must use ordinary care to make the place where his servant works as safe as it can be made under the conditions of the work to be performed.

"The fact that there may be dangers connected with the general class of work the servant is directed to perform, which ordinary care upon the part of the master cannot remove, does not excuse him from liability for injuries due to dangers which the exercise of ordinary care would remove.

"Negligence is the absence of care according to the circumstances of the case, and is always a question for the jury when reasonable men may differ as to the facts or as to the inferences to be drawn from them." Chicago, R. I. & P. Ry. Co. v. Schands, 57 Okla. 688, 157 P. 349.

In consideration of the evidence to which we have referred, in the the light of the applicable rules of law, we conclude that the trial court did not err in submitting the controversial issues of fact to the jury, and that the findings of the jury on these issues are sustained by competent evidence.

Complaint is made that the court erred in giving the following instruction:

"You are instructed that even though you should find that the deceased was negligent, yet such negligence on his part would not necessarily prevent a recovery, but, in order for such negligence to prevent a recovery, the jury must find by a preponderance of the evidence that such negligence on the part of the deceased, if any, directly and proximately caused the injuries complained of; and, if the jury should find that the defendant was negligent in any of the particulars alleged in the petition and that such negligence was the direct and proximate cause of the injuries, then your verdict should be for the plaintiff, notwithstanding that you may also find that the deceased was negligent.

"On the other hand, if you should find that the deceased was negligent and that his own negligence was the direct proximate cause of the alleged injuries received by him or in any manner contributed thereto, then your verdict should be for the defendant."

The first paragraph of said instruction is an inaccurate statement regarding contributory negligence, but the law is correctly stated in the second paragraph of the instruction. In the case of Haskell v. Kennedy, 151 Okla. 12, 1 P. (2d) 729, it was held:

"When an instruction tells the jury that plaintiff cannot recover if the jury should find that the plaintiff was guilty of negligence which 'brought about' his injuries, and omits the words 'or proximately contributed to his injuries,' the omission does not require a reversal where by other instructions the law of contributory negligence is fully and correctly stated and when from the instructions as a whole the jury could not have been misled."

It further appears that contributory negligence was correctly defined in the court's general instructions. The giving of the above instruction does not justify a reversal of this case.

Complaint is made of the court's instruction on assumption of risk. Said instruction is as follows:

"The servant assumes the risks arising from the negligence of fellow servants when acting as such and those ordinary risks of the employment with instrumentalities, in the place and under the rules of the work for which he is engaged, which are reason-

ably necessary and incidental to it, and are apparent to ordinary observation provided he knew and appreciated the risk and dangers, in the prudent exercise of his senses and common sense, regard being had to his age, capacity and experience and provided the master has exercised reasonable care to prevent them. And likewise those extraordinary risks which he has knowingly assumed, provided, however, mere knowledge of the defect or danger is not sufficient to charge him with assumption unless he does necessarily or reasonably know or appreciate the consequent peril."

It is noted that the court instructed the jury that a servant assumes the risks which are "apparent to ordinary observation, provided he knew and appreciated the risks and dangers in the prudent exercise of his senses and common sense," and "mere knowledge of the defect or danger is not sufficient to charge him with assumption unless he does necessarily or reasonably know or appreciate the consequent peril." The correct rule of law in this state is that an employee assumes all ordinary risks incident to his employment and all extraordinary risks and hazards of which he had knowledge or which were so obvious that an ordinary person would have understood such risks. Neely v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 P. 537, 64 L. R. A. 145 Defendant construes the above instruction of the court to mean that the deceased assumed only the risks which he knew and appreciated, but we do not so construe it. The language used is not as clear as it should be, but it was obviously the intention of the court to instruct the jury that deceased assumed the risks which were open and obvious to a man of ordinary understanding and which he should have known and understood in the exercise of his common sense or common judgment.

Various other contentions are made and argued in the briefs. These have been examined and are without substantial merit. We find no reversible error in the record.

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.