## WISDOM v. BERNHARDT, Adm'x.

No. 23801.   Jan. 29, 1935.

J. P. Wishard and Cruce & Franklin, for plaintiff in error.

M. F. Priebe and McKeever, Elam, Stewart & McKeever, for defendant in error.

PER CURIAM. This action was brought by Sarah I. Bernhardt, as administratrix of the estate of Albert H. Bernhardt, deceased, who will be referred to in this opinion as plaintiff, against C. C. Wisdom, who will be referred to in this opinion as defendant, to recover damages for injuries alleged to have been sustained by virtue of the death of Albert H. Bernhardt due to injuries which he received, and which injuries it is alleged were caused by the wrongful and negligent acts of the said C. C. Wisdom.

In her petition upon which the cause was tried, the plaintiff alleges that the deceased had stopped upon State Highway No. 8 approximately one mile east of the town of Hitchcock, Blaine county, Okla., to repair or replace a chain upon the left rear tire of his automobile; that the deceased had been proceeding westerly along the highway, and before stopping had driven his car to the north side of the road, leaving a clear space to the south of his car for at least 18 feet; that the defendant, C. C. Wisdom, driving his car and proceeding in the same direction along the road, in attempting to pass the deceased carelessly and negligently drove his car along the road, which was slippery, at too great a rate of speed for safety and without chains upon his car, and that in attempting to pass the deceased who was in the road working upon the left rear wheel of his car, the defendant permitted his car to get

out of control and skid and to run into deceased, crushing him between the two cars and so injuring him that he died from the effects of such injuries. The petition is in two counts, the first seeking to recover for the pain, suffering, and pecuniary damages sustained by the deceased, and the second seeking to recover for the pecuniary damages sustained by the widow and children of the deceased by reason of his death.

The defendant answered by way of general denial and plea of contributory negligence.

The case was tried to a jury and judgment rendered in favor of the plaintiff. Motion for new trial was filed and overruled, and the cause was appealed to this court by petition in error with case-made attached.

No complaint is made of any error in the instructions of the trial judge to the jury, nor of any error committed in the admission or rejection of testimony, the plaintiff in error herein, the defendant in trial court, presenting the case in this court upon the ground that there was not sufficient evidence of any primary negligence upon the part of the defendant.

There was no witness to the accident testifying at the trial except the defendant himself. There is very little, if any, conflict in the evidence, and the facts as shown by the record may be briefly stated as follows:

The deceased (herein called Bernhardt) lived some distance south and east of the town of Hitchcock and the defendant, Wisdom, lived in the town of Okeene. By prearrangement Bernhardt and Wisdom agreed to meet in the town of Hitchcock and to go together from there to Watonga for the transaction of certain business. On the morning of the accident, which occurred in the month of February, 1929, Bernhardt left his home in his own car to go to Hitchcock where he was to meet Wisdom, and Wisdom left his home in Okeene in his car, a Nash sedan weighing 3,600 pounds approximately, to go to Hitchcock to meet Bernhardt. There had been considerable snow previous to the day of the accident, and on State Highway No. 8 running east and west, east of Hitchcock where the accident occurred, considerable snow had drifted into the road and had been scraped out by the road graders to the edge of the road. On each side of the roadway so graded there were drifts of snow running parallel with the road, which snow had been scraped from the roadway and which drifts were a foot or 18 inches or more in height. At the point of the accident these drifts or piles of snow were approximately 23 feet apart. The surface of the road was snowy and icy and the road was very slick, due in part to the fact that trees along the south of the road at that point shaded the road and prevented thawing. The road from Hitchcock to Okeene along which the defendant traveled ran south from Okeene some ten or twelve miles and then turned west some mile and a half into Hitchcock, and the testimony shows that in that district north and south roads at the time of the accident were comparatively free from snow and in fair condition for travel while the east and west roads were more nearly covered with snow. The deceased Bernhardt entered upon State Highway No. 8 some distance east of the point of the accident, and when he arrived at where the accident occurred, he apparently had some trouble with the mud or the tire chain upon his left rear wheel, and he drove his car over to the extreme north edge of the graded portion of the Highway with his right wheel up against the snow bank on the north side of the road, where he stopped his car and got out and began working with his tire chain on the left rear wheel, thus placing himself in the roadway at the left rear of his car. While he was so engaged Wisdom came along in his car traveling in the same direction. Wisdom had no tire chains upon his car, although he testified he had chains in the car. The road at the point of the accident was level for some distance and Wisdom had an unobstructed view of the road and the deceased and his car for some distance before he reached the scene of the accident. Wisdom in attempting to pass to the south of deceased and to go by him on the road, in some manner or other lost control of his car and it skidded and turned around clockwise in the highway, striking Bernhardt and crushing him between the cars and so injuring Bernhardt that he shortly afterwards died. The testimony indicates that the car of Bernhardt was pushed and shoved some four or five feet west and some two feet north from where it had originally stood, over and partly across the snowdrift at that point. After the accident the cars of Bernhardt and Wisdom were standing close together but not touching; Wisdom's car was pointing in a northeasterly direction, and Bernhardt himself was some six feet to the rear of his own car. The left rear wheel of Bernhardt's car, which was a wire wheel, had one spoke broken, several spokes bent, and the hub knocked an inch or two

out of line. The tire on the wheel was punctured and cut, the fender bent and crushed in on wheel. The casting holding the left end of the front bumper on Wisdom's car was broken. In explaining how the accident occurred Wisdom testified that as he came along the road he saw Bernhardt squatting by the side of the left rear wheel of his car; that the road at that point some distance both ways from Bernhardt's car was icy and very slick. He recognized Bernhardt, and when he got within 75 feet or 100 feet from Bernhardt's car, he angled his car off to the south in order to pass and go around the Bernhardt car, and that when he got within a few feet of the Bernhardt car he suddenly lost control of his car and it commenced to skid on the icy road, wheeling around and sliding, catching Bernhardt between the cars and crushing him. Deceased's widow, Sarah I. Bernhardt, testified that she talked with Wisdom after the accident and that Wisdom told her that he saw Bernhardt and put on his brakes and skidded and hit him. Another witness, the brother of the deceased, testified that after the accident he asked Wisdom how he came to run into Bernhardt when he was away out to the side of the road like he was, and that Wisdom said:

"Well, Sam, it don't make any difference if Albert was sitting away over by the fence the way I was going I would have run into him any way."

Neither of these statements was denied or explained by Wisdom.

The defendant, Wisdom, contends that there is no negligence on his part shown by such a state of facts, and that no negligence on his part is shown by the mere fact of the skidding of his car. The question of the sufficiency of the proof to sustain the verdict was properly preserved and presented in this appeal.

Cases pro and con are collected in Note 5 A. L. R. 1240, and Linden v. Miller, 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665, and note at page 668. It may be conceded for the purposes of this case that such is the correct principle of the law.

Cases where defendant was driving along the road and suddenly unexpectedly came upon a slick spot in the road resulting in a skid and damage, such as the cases of Byron v. O'Connor (Me.) 153 Atl. 809, and Osborne v. Charbneau (Wash.) 268 P. 884, where the above principle has been applied with full force, can be easily distinguished from the facts here.

The record contains evidence which throws light on the circumstances and conditions surrounding the accident. The accident occurred in broad daylight on the comparatively level stretch of road, where the presence of the car of the deceased and his position relative thereto were discernible for some distance down the road. Likewise, the condition of the roadway as to presence of ice and snow could be observed before the spot where the accident occurred was reached. There is testimony in the record that snow covered the road along there for some distance, one witness estimating the distance at one-half mile and the defendant, Wisdom, stating that the ice and snow on the road-bed reached back from deceased's car half way to a hill which would make it about 30 rods or more. The car of the deceased had a fender crushed down, the tire torn and cut through, the wire wheel knocked out of shape and spokes bent and broken and the casting on the left side of defendant's front bumper was broken; the car of deceased had been pushed or shoved from four to five feet and sideways two feet through or onto and over the pile of snow of a foot or more in depth. Such physical facts furnished some evidence to be considered by the jury in determining the speed at which the defendant was driving at the time of the crash. The statement of Wisdom made by him, in answer to the query as to how he happened to run into deceased when his car was setting away out on the side of the road, to the effect that it would not have made any difference if deceased had been away over by the fence, the way the defendant was going he would have run into him any way, was neither denied nor explained by the defendant, and could be considered by the jury in its deliberation of the case and given such weight and value as they deemed it entitled to.

The case was carefully tried and submitted by the trial court to the jury under proper instructions. We cannot say that the record discloses no evidence sufficient to justify submission to the jury of the question of defendant's negligence. The question of deceased's contributory negligence was likewise submitted by proper instruction. The evidence shows more than the mere skidding of a car and resultant accident, but there is evidence showing the condition of the roads in general and for some distance before the scene of the accident in particular, as to their being covered with ice and snow and very slippery; the presence of deceased by his car was seen

388

and known by the defendant, and the physical condition and positions of the cars after the accident could be considered in determining the speed defendant was driving.

The state of facts presented is such that reasonable men might fairly differ as to defendant's negligence, and it was therefore a question for the jury. M., K. & T. Ry. Co. v. Shepherd, 20 Okla. 626, 95 P. 243; Harris v. M., K. & T. Ry. Co., 24 Okla. 341, 103 P. 758; C., R. I. & P. Ry. Co. v. Goldman, 89 Okla. 85, 214 P. 129.

"Negligence is the absence of care according to the circumstances of each case, and is always a question for the jury, when there is a reasonable doubt as to the facts, or as to the inferences to be drawn from them; i. e., where reasonable men may differ as to the existence thereof." Rock Island Coal Mining Co. v. Davis, 44 Okla. 412, 144 P. 600.

This court in the case of Prickett v. Sulzberger & Sons Co., 57 Okla. 567, 157 P. 356, in quoting from a previous opinion of this court (Interstate Compress Co. v. Arthur, 53 Okla. 212, 155 P. 861) with approval, said:

" 'What is or what is not negligence is ordinarily a question for the jury, and not the court. Where the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is incapable of being determined as a matter of law, and, where there is sufficient evidence, must be submitted to the jury to determine what it is and whether it has been complied with. On the other hand, when the standard is fixed and when the measure of duty is defined by law and is the same under all circumstances, its omission is negligence, and may be so declared by the court. It is only in cases where the facts are such that all reasonable men must ·draw the same conclusions from them that the question of negligence becomes one of law for the court, and then only when no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish.' "

The judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Ezra Dyer, Wm. G. Davisson, and Earl Q. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dyer and approved by Mr. Davisson and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.