WILLIAM F. FRYE *vs.* AMASA R. KENNEY.

JAMES S. LOUNSBURY *vs.* SAME.

LAURA U. LOUNSBURY *vs.* SAME.

Penobscot.      Opinion, January 12, 1939.

*Gillin & Gillin,* for plaintiffs.
*Fellows & Fellows,* for defendant.

SITTING : DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

MANSER, J.   On motions by defendant to set aside verdicts as
against the law and evidence. The three cases were tried together
and arose from an automobile collision. James S. Lounsbury, one
plaintiff, was the owner and operator of one of the cars involved in
the accident, the other plaintiffs, Laura U. Lounsbury, his wife,
and William F. Frye being passengers in his car.

The accident occurred February 19, 1938 at about 4:30 P.M. on
the state highway between Bangor and Orono near the Eastern
Maine General Hospital. There was evidence that in the vicinity of
the accident the highway is of two-lane cement eighteen feet in
width with additional level surface on one side of about four and
one-half feet and on the other of approximately nine feet. The
highway runs east and west without appreciable curve for some
distance in either direction, but on a sharp grade in the vicinity of
the collision. The plaintiffs were proceeding easterly toward Orono
and the defendant westerly toward Bangor.

Counsel for defendant argues forcefully that the accident was
precipitated from the sudden and uncontrollable skidding of his
car, caused solely by the admittedly icy condition of the cement
surface and without any precedent or immediate negligence upon
his part. It is also claimed, but with lesser cogency, that there was
contributory negligence on the part of the plaintiffs, both operator
and passengers. Analysis of the record might justify the finding
that the hill itself was covered with a thin layer of new ice, although
the level roadway approaching from either direction was prac-
tically bare; that the defendant negotiated the lower and steeper
part of the hill without difficulty, going upgrade, driving at a
moderate rate of speed and on the right-hand lane of traffic; that
suddenly the left rear wheel of his car began to spin and the rear of
the car veered slightly toward the center of the road while the for-
ward end pointed toward the right side of the highway; that the
predicament was noted by the occupants of the plaintiff car but

without any resultant endeavor or action to avoid collision. Thereupon the defendant, so it is contended, did all that a prudent man could be expected to do in such an emergency to correct the skidding motion of his car, but his attempt to steer it into a straight course resulted in its turning sharply to the left side of the road, where it ran head on into the side of the plaintiffs' moving car.

If the evidence, viewed in the light most favorable to the plaintiffs, compelled such factual findings by impartial reasoning minds, then the Court would be required to grant the motions for a new trial. *Byron* v. *O'Connor*, 130 Me., 90, 153 A., 809.

The recent case of *Marr* v. *Hicks*, 136 Me., 33, 1 A., 2d, 271, discusses the legal principles involved in this case and cites authorities of pertinent application. Obviously, cases involving injury due to the skidding of an automobile, are dependent for decision upon the particular facts shown.

Counsel for the plaintiffs contends that there was testimony which raised jury questions and upon which reasoning minds might differ. It is pointed out that the icy condition of the highway as it existed at the time of the accident and also earlier in the afternoon of the same day when the defendant travelled over it in the opposite direction, was apparent to the defendant; that there arose the consequent duty of driving at appropriate speed both before and at the time of the collision and that this was a controverted element. Stress is placed upon testimony to the effect that the highway was widened out by a broad level space to the right of the defendant, which would have afforded ample opportunity to straighten up his car without danger to anyone. Further, that while argument for the defendant is directed to alleged uncontrollable skidding of his car, yet the sidewise slip of the rear wheels was but a few inches; that the car was still upon the right-hand lane facing forward and to the right, and with proper handling no trouble would have resulted. Instead, it is claimed, there was an admitted acceleration of speed at the moment of skidding, coupled with a sharp pull to the left in the face of the oncoming car of the plaintiffs; and further that the force of the impact as demonstrated by the condition of the damaged cars, supports the contention of negligent operation.

In *Brown* v. *Sanborn*, 131 Me., 53, 158 A., 855, the Court in passing upon the facts therein considered said:

"The situation created no emergency. It was the ordinary condition with which drivers of motor vehicles are frequently confronted. There was nothing to confuse, bewilder, or frighten a driver of ordinary intelligence and experience. The collision could readily have been avoided by the exercise of reasonable care."

The jury might have applied the same reasoning in the instant case.

In the absence of exceptions, it is assumed that the issue was stated to the jury with proper instructions. *Archibald* v. *Queen Ins. Co.*, 115 Me., 564, 99 A., 771. The Court can not substitute its own judgment for that of the jury and we find that there was sufficient evidence upon which reasonable men might differ in their conclusions.

*Motions overruled.*