## STANDARD THEATERS CORPORATION v. HUGHES.

No. 28206. Feb. 14, 1939.

Rehearing Denied June 6, 1939.

Application for Leae to File Second Petition for Rehearing Denied July 11, 1939.

378

Clayton B. Pierce and Truman B. Rucker, for plaintiff in error.

Gomer Smith (Nelson Rosen, of counsel), for defendant in error.

CORN, J. This is an appeal by plaintiff in error, defendant below, from a verdict and judgment rendered against it in an action brought by the defendant in error, plaintiff below, to recover damages for personal injuries. Hereafter we shall refer to the parties as they appeared in the trial court.

Plaintiff filed her action alleging she attended the defendant theater and was seated at the rear of the auditorium in a row of seats mounted upon a ledge some four inches above the floor of the adjoining aisle, the nearest aisle light being three rows away. The amended petition, upon which the case was tried, alleged that, in attempting to leave, she caught her foot upon this ledge, fell, and was injured.

The negligence alleged was in the construction and maintenance of a dangerous condition, to wit: the step or ledge between the seats and the aisle of said theater and in maintaining the theater without sufficient lights to enable patrons to discover this condition. The defense offered was plaintiff's failure to exercise reasonable care for her own safety, amounting to contributory negligence on her part.

At the close of the evidence the jury was taken to view the premises. Defendant's motion for a directed verdict was overruled. The trial court instructed the jury, and they returned a verdict for plaintiff for $1,750.

Motion for new trial was overruled and defendant now offers six assignments of error as grounds for reversal, the separate claims of error being presented under two propositions.

The first proposition asks reversal of this judgment because of error in the trial court's refusal to sustain defendant's demurrer to plaintiff's evidence and defendant's motion for a directed verdict. The argument offered to sustain this contention is directed toward showing the evidence failed to disclose actionable negligence on the part of the defendant.

The decisions from this court upon this point are consistent in holding the question of negligence or lack of negligence is for the jury to decide, and it is only when the facts are such that reasonable men could draw only one conclusion that the trial court is justified in taking the case from the jury. See Wisdom v. Bernhardt, 170 Okla. 385, 40 P.2d 679; Clanton v. Chrisman, 174 Okla. 425, 51 P.2d 748; Wright v. Clark, 177 Okla. 628, 61 P.2d 192.

The evidence at the trial tended to show the row of seats where plaintiff was sitting was raised approximately four inches above the level of the aisle, and that there was no aisle light to make this "step-off" clearly visible. When leaving plaintiff caught her foot on this "step-off," fell and sustained the injuries complained of. Having based her claim for damages upon the grounds of defendant's negligence in maintaining such a condition in the theater to which the general public was invited, the question whether the maintenance of such a condition constituted negligence was certainly one over which reasonable men might differ. Hence, the trial court was correct in overruling the demurrer to plaintiff's evidence, and leaving the question of negligence, and of plaintiff's contributory negligence, if any, to the jury.

Defendant's second proposition is the contention this judgment should be reversed and remanded with directions to grant a new trial. The argument in support of this proposition is offered under three subdivisions, the first of which is that the trial court erred in refusing to admit certain evidence offered in behalf of the defendant.

The defendant offered testimony to the effect the lighting arrangements in the defendant theater were of the usual and ordinary arrangement and effect in use in this vicinity. Plaintiff's objections to this line of testimony were sustained, whereupon defendant's attorney made an offer of proof of this testimony. Plaintiff's objections were sustained for the reason said testimony was not an issue in the case, under the pleadings.

Defendant contends the exclusion of this testimony was error, because in addition to plaintiff's being required to prove the defendant was not conducting its business like other theaters, defendant itself should

have been allowed to show it conducted its business, as to the lighting arrangements and effects, like other theaters.

We find no merit in this argument because the plaintiff based her case, not upon the failure or the deficiency of the lighting system used by the defendant, but upon the issue defendant permitted the existence of a dangerous condition. Hence, there was no necessity for plaintiff to prove there was any departure in the defendant theater from the usual and ordinary lighting facilities found in other theaters, as there was no issue on this matter. Thus, the exclusion of the evidence offered by defendant as to what constituted usual and customary lighting arrangements was not erroneous because the negligence alleged was the maintaining of a dangerous condition.

Furthermore, it should be noted this testimony, the exclusion of which is claimed to be erroneous, was elicited from a former usher in the defendant theater, who professed to have knowledge of other theaters in this vicinity. The objection to this testimony could well have been sustained upon the ground the witness was not shown to be any more qualified or competent to give this testimony than any layman, and that his testimony was, at best, nothing more than mere opinion testimony.

The second subdivision under the second proposition is the contention the trial court committed reversible error in refusing to give certain requested instructions. Defendant's requested instruction No. 2 asked the court to charge the jury that plaintiff was under a duty to use due care for her own safety, and to use reasonable precaution to protect herself, and if from the evidence the jury believed she failed to use negligence in maintaining such a condition, negligence and the jury should find for defendant. This request was refused and defendant was allowed an exception.

However, in the trial court's instruction No. 13 the court told the jury if they found from the evidence that when plaintiff started to leave, exercising due care for her own safety, and while exercising such care, was injured by reason of defendant's negligence in maintaining such a condition, they should find for plaintiff. But if they found defendant was not guilty of negligence in maintaining this condition, or if plaintiff was guilty of contributory negligence, which the trial court defined in instruction No. 9, then they should find for defendant.

Surely it cannot be seriously argued that the issues sought in the requested instruction were not sufficiently stated in the instruction given by the court. In fairness, it should be noted that in instruction No. 13 there appears what was, apparently, a typographical error. The instruction read "and that the defendant was injured thereby," when it is clear the court was charging the jury as to the plaintiff's injury. However, we are of the opinion no prejudice resulted therefrom, by reason of the fact that elsewhere in this same instruction reference is made to the "plaintiff's" injuries.

In Black v. Warren, 178 Okla. 216, 62 P.2d 88, in paragraph 4 of the syllabus, this court said:

"It is not error for the trial court to refuse to give an instruction if practically the same proposition of law is covered by the court in other instructions to the jury."

See, also, Rowland v. Morgan, 178 Okla. 600, 63 P.2d 712; Safe-Way Cab Service Co. of Okla. City v. Gadberry, 180 Okla. 51, 67 P.2d 434; Champlin Refining Co. of New Mex. v. Huntington, 180 Okla. 280, 69 P.2d 31; Colchensky v. Williamson, 181 Okla. 58, 72 P.2d 337.

Defendant next complains of the refusal to give requested instructions Nos. 4 and 8. In No. 4 the defendant asked that the jury be charged the mere happening of an accident was no evidence of negligence, but the burden was upon the plaintiff to prove the acts charged in her petition. Instruction No. 8 asked for the jury to be charged the mere fact there was a step in the theatre and that plaintiff fell was, in itself, no evidence of negligence.

We agree, as urged by defendant, that the above requested instructions are perfectly correct as statements of the law. However, defendant contends the jury was not told the mere happening of an injury is no evidence of negligence and that neither was the mere presence of a step any evidence of negligence. We do not find error in refusing requested instruction No. 4 because in instruction No. 5, given by the court, it was made clear to the jury the burden was upon the plaintiff to prove every allegation of her complaint, and a failure to do so would entitle defendant to receive the verdict. Certainly such an instruction sufficiently impressed upon the jury the necessity of seeing whether, under the evidence, plaintiff proved her case, and in this manner also impressed upon the jury the fact that merely because plaintiff had been injured was no evidence of negligence.

380

We hold defendant's requested instruction No. 8 to have been properly refused. As pointed out in plaintiff's brief, the question to be passed upon by the jury was whether the maintaining of this condition by defendant was negligence, and an instruction such as the one requested might easily have had the prejudicial effect of leading the jury to believe the presence of the "step-off" was something which should not be considered at all in determining whether defendant was negligent.

The defendant also complains of the refusal to give requested instruction No. 3, concerning the degree of care owed by defendant, and to the effect that defendant was not an insurer of the safety of its patrons. Because this instruction is so closely related to the argument made in support of subdivision 3 of the second proposition, we shall consider it in connection with the argument offered thereunder.

The third subdivision makes the contention the trial court erred in giving certain instructions, to wit, 10, 12, 13. Instruction No. 10 defined the terms "utmost care" or "great care and diligence" as used in the instruction by stating they meant the degree of care persons of ordinary prudence exercised about their own business of great importance.

Instruction No. 12 charged the jury the owner of a theatre owed paying patrons the duty to use a high degree of care to keep the premises in a safe condition, and if by failure to do so a patron was injured, the owner was liable. Further, it was the defendant's duty to exercise a high degree of care in maintaining its premises in a reasonably safe condition for the use of its patrons and the same high degree of care in keeping proper lights to make the premises reasonably safe, and, if while exercising reasonable care for her own safety the plaintiff was injured by reason of defendant's negligence in either or both of the particulars referred to, it was the duty of the jury to find for plaintiff.

Instruction No. 13 charged the jury if they found plaintiff paid admission, and, when starting to leave, while exercising due care for her own safety, fell and was injured by reason of defendant's negligence in the construction and maintenance of the conditions set out, they should find for plaintiff. But, if they found defendant not guilty of negligence in the construction and maintenance of the theater, or if they found plaintiff guilty of contributory negligence, they should find for defendant.

Defendant's argument is directed toward showing that, although the court defined "proximate cause" in its instruction No. 7, the court failed to further instruct as to "proximate cause." Then, by giving instruction No. 13, the court entirely removed the element of proximate cause from the jury's consideration. To sustain this argument the defendant cites authorities announcing the principle that, to hold defendant liable for personal injuries, such injuries must be the proximate result of the negligence alleged.

The force of this argument is lost in view of the instructions given by the trial court in which the jury was charged that if they found from the evidence the defendant was guilty of negligence in the construction and maintenance of the conditions complained of, and "defendant was injured thereby," they should find for plaintiff. In other words, although the court did not reiterate the term "proximate cause," the jury was undoubtedly given to understand that before they could find for plaintiff they had to find the existence of negligence on defendant's part, and that plaintiff's injuries were the result of this negligence. Having made this requirement plain to the jury, there was no necessity for the trial court to repeat. Since the instructions given clearly presented this element to the jury, we hold the instructions given sufficiently presented the issue.

A major portion of defendant's argument is devoted to the proposition that the trial court erred in that by instructions Nos. 10 and 12 (heretofore set out in substance) the court placed upon the defendant a higher degree of care than is required by law. To sustain this argument defendant cites and quotes from text authorities, and offers citations from some 30 other jurisdictions, all based upon the rule that the proprietor of a place of amusement is not an insurer of the patron's safety, but is bound to exercise only that degree of care expected of a reasonably careful, prudent person, under the circumstances.

The exact question presented by the case now on appeal seems never to have been passed upon by this court. However, in the case of Tulsa Entertainment Co. v. Greenlees, 85 Okla. 113, 205 P. 179, this court approved an instruction given by the trial court to the effect that the owner of a baseball park, to which the public was admitted upon payment of an admission fee, owed to the public the duty to use a high degree of care to keep the premises in a safe condition, and injury resulting from

the proprietor's failure to do so made him liable.

However, defendant contends this case is not applicable, inasmuch as this court pointed out there was evidence of a wanton disregard of the public welfare, the defendant having knowledge of the defective condition of the premises, and the element of the degree of care owed by the owner was not involved.

To refute the holding of the Greenlees Case, supra, defendant cites Chickasha Milling Co. v. Plowman, 94 Okla. 170, 221 P. 467, and City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, and says these two cases, decided subsequent to the Greenlees Case, clarify the holding of the opinion of this court therein.

We are of the opinion the difference between these two cases and the Greenlees Case is to be found in the facts of the cases themselves, and that the rule announced in the Greenlees Case was not destroyed by the later cases. In the Plowman Case, supra, the deceased was on the premises as an ordinary business invitee, but paid no admission charge for the privilege of being there, and voluntarily placed himself in the dangerous position which resulted in injury.

In the Harman Case, this court, in reversing the judgment of the trial court which allowed recovery, denied the recovery upon the ground that damages cannot be recovered where the injured party knew of and appreciated the peril, which was so patent and obvious there existed no duty or obligation to give warning of the existing condition.

Therefore, in so far as the rule declared by this court in the Greenlees Case is concerned, we conclude that the rule announcing the proprietor of a place of amusement to which the public is invited owes a high degree of care to his patrons still stands as the rule adhered to by this court.

In the text "Law of Motion Pictures and Theaters," section 95, at page 306, it is said:

"The case of Branch v. Klatt (165 Mich. 666, 131 N. W. 107) has laid down the best rule of all the reported decisions with respect to the liability of the theatre proprietor when his theatre is darkened during a performance. It holds that the patron, in such case, has the right to rely on the premises being in a safe condition, and that his duty is lighter than that of a pedestrian. That is an eminently sensible doctrine, and should be followed in all the states. Un-

fortunately, it is not. The courts generally adhere to the old rule of ordinary care and contributory negligence, something which in the light of the facts that usually obtain, seems unnecessarily harsh and unjust."

Although we recognize the force of the declarations of the decisions from the appellate courts of other jurisdictions, we believe the rule above stated is eminently sensible, and the soundness of such a rule is apparent upon the face of the rule itself. Apparent also is the deficiency in the rule urged by the defendant. which allows a proprietor to charge the public for admittance to his place of business, and then limits any liability which might arise by the rule that he owes the public the duty to exercise only ordinary care.

We are of the opinion that when a person pays to be admitted to a place of public entertainment, and exercises proper care for his own safety, such person is entitled to be treated with a high degree of care by the proprietor who admits him only upon the payment of the admission price.

Judgment affirmed.

WELCH, V. C. J., and RILEY, OSBORN, HURST, and DAVISON, JJ., concur. BAYLESS, C. J., and GIBSON and DANNER, JJ., dissent.