### SMITH et al. v. McAFEE et al.

No. 29279. Oct. 17, 1939.

Houston E. Hill, Twyford & Smith, and William J. Crowe, all of Oklahoma City, for plaintiffs in error.

W. F. Smith and Willingham & Farris, of Oklahoma City, for defendants in error.

PER CURIAM. This action to quiet title was commenced by C. E. McAfee and Roy M. Smith, hereinafter called plaintiffs, against Marguerite Armstrong and Hutch Armstrong, together with several others.

Only Marguerite Armstrong and Hutch Armstrong, hereinafter referred to as defendants, appeal. Service on the said defendants was by publication and judgment was entered for the plaintiffs by default on the 3rd day of October, 1935. Thereafter, on the 24th day of June, 1936, the defendants filed a motion to vacate the judgment under section 189, O. S. 1931, 12 Okla. St. Ann. § 176, which section refers to the method of procedure in opening a default judgment where service is made by publication. This motion was overruled January 29, 1937. No appeal was taken from the order overruling the motion to vacate the judgment. An order purporting to overrule a motion for new trial was entered on December 8, 1938, and on June 8, 1939, defendants filed their petition in error and case-made seeking a review of the order overruling the motion for new trial.

The plaintiffs have filed motions to dismiss for the reason that the appeal was not taken from the order refusing to vacate the default judgment within six months after the order was entered, and said motions must be sustained. In Hoppe v. Bentley, 170 Okla. 377, 40 P.2d 679, in the syllabus it is said:

"Motion for new trial of an order sustaining a motion to and vacating a judgment under section 189, O. S. 1931, is not authorized, and the order overruling the same does not fix the date from which the time to appeal is calculated.

"An appeal taken from an order vacating a judgment upon motion, under section 189, O. S. 1931, after six months from the date of said order, is too late, and the Supreme Court is without jurisdiction, and the appeal will be dismissed."

The appeal is dismissed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.