**CITIES SERVICE OIL CO. et al. v. HARVEY et al.**

No. 3045.

Circuit Court of Appeals, Tenth Circuit.

March 26, 1945.

Rehearing Denied April 25, 1945.

John F. Webster, of Oklahoma City, Okl. (F. A. Rittenhouse, Walter D. Hanson, and Olive R. Rittenhouse, all of Oklahoma City, Okl., on the brief), for appellants.

Duke Duvall and John F. Butler, both of Oklahoma City, Okl., for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is a tripartite lawsuit arising out of the destruction by fire of an oil derrick and other top ground equipment belonging to the Cities Service Oil Company, and

located upon and used in the production of oil from one of its wells. The fire occurred when a workman on the well ignited escaping gas by throwing a burning match to the ground after lighting a cigarette. The equipment involved was insured against loss by fire under policies written by the Home Insurance Company and the Hartford Fire Insurance Company. These companies paid the loss under their respective policies in the total amount of $6,504.90 and brought this suit as subrogees to recover it. The amount of the loss and the right of the insurers to maintain the action is not questioned. Jurisdiction is based upon diversity of citizenship and requisite amount in controversy, both of which are shown on the record.

The amended complaint pleaded a contract dated May 13, 1942, between Cities Service as the owner of the well and appellee, Duke Anderson Drilling Company, by the terms of which the drilling company in consideration of $6.25 per hour ($150 for twenty-four hours) undertook "to clean out" the well in question, and to furnish all the usual equipment and labor used in the performance of the undertaking. The Cities Service was to have no power to direct, supervise or control the means, manner or method of performing the work covered by the contract—the contractor being responsible to the company solely for the results obtained. It was alleged that by the terms of the contract, the drilling company impliedly agreed to perform the work in a proper and workmanlike manner and to be responsible to the company for defective performance; that the Duke Anderson Drilling Company entered into some kind of an agreement with Harvey Incorporated for the performance of all or part of the work covered by the contract and that on or about the 14th day of May, 1942, and while in the performance of the contract, a fire occurred at the well resulting in the loss sought to be recovered. That the fire was caused by the workman who carelessly and negligently ignited the gas by striking a match to light a cigarette; that he was an employee of either Duke Anderson Drilling Company or Harvey Incorporated, and they are therefore liable for his negligent conduct.

Anderson Drilling Company answered, admitting the contract to clean out the well, but denied that the loss was caused by its negligence. It alleged that the fire was wholly unavoidable, but that in any event the Cities Service had full knowledge of all the existing conditions under which the work was performed, and if any of the drilling company's servants, or employees, were negligent, the Cities Service also negligently contributed to the cause of the damage by failing to warn the employees of the drilling company of the dangerous condition resulting from the accumulated gas which was well known to the Cities Service and unknown to the drilling company. Further answering, the drilling company alleged that subsequent to the execution of the contract of May 13, 1942, it entered into an oral agreement with Harvey Incorporated, whereby Harvey, with the knowledge, consent and acquiescence of Cities Service, undertook the performance of the contract as an independent contractor of the drilling company and as the agent of the Cities Service; that the workmen on the well were therefore employees of the Cities Service, and the drilling company was not liable for their negligent acts. By cross-petition, it alleged that Harvey Incorporated undertook the performance of the contract with the Cities Service in consideration of $135 per day, and if an employee of Harvey was negligent as alleged in the complaint, and if it be found that the cross-petitioner was primarily liable to Cities Service therefor, it is entitled to recover from Harvey Incorporated the amount of its liability.

Harvey Incorporated answered admitting the contract between Cities Service and Anderson Drilling Company, and the occurrence of the fire as alleged, but denied all other allegations in the complaint and cross-petition. Answering further, it averred that in order to perform its contract with the Cities Service, the Anderson Drilling Company rented Harvey Incorporated's drilling unit and men for its operation, and agreed to pay Harvey $135 per day therefor. That the workmen thereupon became the employees of the Anderson Drilling Company, or the Cities Service, and were under their direction and control during the performance of the work; that Harvey had no agreement with and received no compensation from the Cities Service, and was therefore not responsible for the acts of the workmen who were loaned or hired to the Anderson Drilling Company. Alternatively, Harvey Incorporated pleaded that Cities Service was contributorily negligent by failing to

782

furnish a safe place for the performance of the work of cleaning out the well; by not using proper equipment or taking proper steps to prevent gas from escaping and accumulating in and around the well, and in failing to warn individuals of the dangerous conditions existent when the gas was ignited.

At the conclusion of the trial on the issues as cast by the pleadings, the trial court after appropriately instructing the jury on the law of master and servant, independent contractors and negligence, submitted three interrogatories in answer to which the jury found: (1) that the workman who struck the match which caused the fire was an employee of Harvey Incorporated, but (2) that under the evidence and instructions of the court, he was not negligent in striking the match at the time and place and under the circumstances disclosed, and (3) that under the evidence and instructions, the Cities Service Oil Company was not guilty of contributory negligence. Based upon these factual findings, the trial court entered judgment in favor of the Anderson Drilling Company and Harvey Incorporated.

On appeal, it is first contended that the striking of the match which ignited the gas was, under the undisputed facts, negligence per se and there was no issuable fact to submit to the jury on that point; that since the jury found the workman was an employee of Harvey Incorporated and Cities Service was free of contributory negligence, it was the duty of the court to render judgment for the appellant for the undisputed amount of the loss sustained. The contract between Cities Service and Anderson Drilling Company is admitted and there is evidence reasonably tending to show that Harvey Incorporated undertook the performance of the contract according to its terms, and that the workman was an employee of Harvey, and engaged in the performance of his duties when he struck the match to light his cigarette, as found by the jury.

Harvey Incorporated having undertaken to clean out the well under the contract became legally bound to do so in a manner adapted to the existing and surrounding conditions, and to use care commensurate to the particular hazards involved. Franklin v. Skelly Oil Company, 10 Cir., 141 F.2d 568, 153 A.L.R. 156. And, if the work was undertaken in inflammable surroundings, Harvey was responsible if its workman was careless in striking the match to light a cigarette. Maloney Tank Manufacturing Co. v. Mid-Continent Petroleum Corp., 10 Cir., 49 F.2d 146. A jury has said that the act of striking a match under the existing circumstances was not negligent, and we are not warranted in overturning the verdict of the jury unless we can say that such act was negligent per se. Acts are not negligent per se unless reasonable men can draw only one conclusion from the facts. When fair-minded men may honestly draw different conclusions, the question of negligence is always for the jury. Harris v. Missouri, K. & T. Ry. Co., 24 Okl. 341, 103 P. 758, 24 L.R.A.,N.S., 858; Wisdom v. Bernhardt, 170 Okl. 385, 40 P.2d 679; Clanton v. Chrisman, 174 Okl.Sup. 425, 51 P.2d 748; Shell Petroleum Corp. v. Perrin, 179 Okl. 142, 64 P.2d 309; Standard Theatres Corp. v. Hughes, 185 Okl. 377, 91 P.2d 1058.

On the question of primary negligence there is evidence to the effect that the oil well in question was producing gas which was piped from the mouth of the well to the company's gasoline plant some distance away, and when clean out operations commenced, the gas line was disconnected by the Cities Service employees about twenty feet from the mouth of the well and nothing was done by Cities Service to prevent the gas from escaping. There was also evidence to the effect that when the workmen changed shifts at midnight May 14, one of the workmen named Meadows remarked to those present that the well was making gas and it would be dangerous to smoke around it. At his suggestion the employees took their cigarettes and matches "upon the hill and left them in the car". Later, at about 3:30 A.M., and after the clean out operations had been completed and the workmen were dismantling the tools preparatory to moving, one of the workmen named Plummer, while standing in front of the "dog house" thirty-five feet from the mouth of the well, struck a match to light a cigarette, gas was ignited and the fire ensued. Plummer, who was an experienced worker in the oil fields, testified that he was not warned against smoking by Meadows or anyone else, nor was he warned of any dangers incident thereto; that he did know the well was making some gas but did not smell it in the atmosphere; that he and Meadows had both smoked several times while in the "dog house" and

that on this particular occasion he struck the match while standing immediately in front of it.

■ To be sure, there was ample room for a finding of negligence, but we cannot substitute our judgment for that of the jury simply because we, as jurors, would have arrived at a different conclusion. A jury of twelve men properly instructed on the governing standard of care have considered these facts in the intimate atmosphere from which they came, and by their verdict have said that Plummer was not negligent. A learned and experienced trial judge, who also heard the facts from the witness stand, has approved the verdict and we have not the right to override it unless we can say that no reasonable man would have concluded as they did under the existing facts and permissible inferences. We are unable to so say, and it follows that the jury's verdict on the question of primary negligence must stand.

■ Unless there was primary negligence there can be no contributory negligence. Accordingly the trial court instructed the jury that there would be no occasion for it to consider the question whether Cities Service was contributorily negligent, unless it first found that Plummer as the agent or servant of Harvey Incorporated or Anderson Drilling Company was primarily negligent. Thus the verdict of the jury on the question of contributory negligence is nugatory and of no consequence.

■ Alternatively the appellant contends that notwithstanding the verdict of the jury on the question of negligence and its conclusive effect on the tort liability of Harvey or Anderson Drilling Company, it is nevertheless entitled to recover its loss on the contract between it and Anderson Drilling Company, by the terms of which it is argued Anderson became obligated to clean out the well in a workmanlike manner, and under the evidence it failed to do so, thereby rendering itself liable upon its contract.

To sustain this proposition appellant leans heavily upon two decisions of this court, Maloney Tank Mfg. Co. v. Mid-Continent Petroleum Corp., 10 Cir., 49 F.2d 146, and Crude Oil Contracting Co. v. Insurance Co. of North America, 10 Cir., 118 F.2d 476. In the Maloney Tank Manu-

facturing Company case, the jury found that the Petroleum Corporation and the Tank Company had entered into an oral agreement whereby the Tank Company agreed to dismantle certain tanks of the Petroleum Corporation in a workmanlike manner, and that a servant and employee of the Tank Company carelessly and negligently lighted a match causing the fire which destroyed the property, the value of which was sought to be recovered. In affirming the judgment, this court treated the action as one in contract to recover for failure to perform the work of dismantling the tanks in a workmanlike and careful manner, but held that "the result would not be otherwise if the action be considered as sounding in tort." [49 F.2d 149.] In that case the court was not under the necessity of disputing the verdict of the jury, on the contrary it sustained the verdict whether the action be considered in tort or ex contractu. In the Crude Oil Contracting Company case, the contract was to clean out certain oil tanks from which gaseous vapors escaped under atmospheric conditions, causing the same to settle on the ground. A workman employed by the contractor caused the gas to ignite, destroying the tanks and property. The trial court found that the employee was negligent and that the employer was liable therefor to the extent of the loss. Treating the action as sounding in tort, we affirmed the trial court's findings and judgment, but we also held that aside from any question of negligence the contractor was liable for the damage upon its contract, by which it agreed "to indemnify and hold Gulf harmless against all claims, losses or damages, regardless of the nature thereof, arising out of its operations * * * whether said liability arises out of contract or in tort". [118 F.2d 478] The contract was one of indemnity and liability thereunder was not measured by any standard of care—it was an insurance against loss.

Under our contract the implied obligation as pleaded was to perform the work in a workmanlike manner, but the contractual obligation to perform the work in a workmanlike manner imposed no greater duty than to exercise ordinary care under the circumstances. Consequently, if Plummer was negligent, the performance was defective, if not, it was workmanlike, and whether considered as sounding in contract or tort, the judgment of the trial court must be sustained.