TULSA EXPOSITION & FAIR CORP.
v. JOYNER.

No. 35599.   June 2, 1953.

257 P. 2d 1077.

Hugh Ownby and Clarence A. Warren (Ownby & Warren), Tulsa, for plaintiff in error.

George E. Brewer, Joe B. Houston, Gerald B. Klein, James P. Melone, R. L. Davidson, Jr., and E. Lee Grigg, Tulsa, for defendant in error.

O'NEAL, J. The parties will be referred to in the same order as they appeared in the trial court.

On the 18th day of September, 1950, the plaintiff paid an admission fee to the fairgrounds where defendant conducted the Tulsa County Fair. The petition, in detail, discloses the location of the buildings upon the grounds and their position with reference to roadways and walkways maintained for the use of the public in entering and leaving said buildings; that the terrain on the north side of said buildings is from five to eight feet higher than the level of the roadways and walkways leading to and from said buildings; that defendant constructed and maintained a ditch which ran parallel to said roadways and pathway referred to in which ditch defendant allowed water to accumulate; that the banks of said ditch were wet and slippery and dangerous for pedestrian traffic; that defendant failed and neglected to provide safe means in the form of steps, culverts or other artificial walkways to protect the public in the use of said pathways; that plaintiff in walking down the incline to enter said pathway or roadway slipped upon a muddy and slippery portion of the pathway causing him to fall and receive injuries to his

right arm and back resulting in severe pain, loss of time from his usual employment and the expenditure of money for medical services, all to his damage in the sum of $4,700.

Defendant in answering said petition denied all of the allegations therein, and pleaded that the plaintiff was guilty of contributory negligence, and that his injuries were due solely to his own negligence, and without which negligence the accident would not have occurred. From the verdict rendered for the plaintiff in the sum of $1,500 and the judgment rendered thereon, the defendant appeals.

For reversal the defendant contends that the court's instructions Nos. 8 and 9 were erroneous resulting in error warranting the reversal of the case. Instruction No. 8 reads as follows:

"You are instructed that the owner or proprietor of a place of amusement, such as the Fair, being conducted by the defendant in this case, and to which the public is admitted upon payment of an admission fee, owes to the public the duty to use a high degree of care to place, keep and maintain the premises in a reasonably safe condition and if you find from the evidence that the plaintiff exercised due care for his own safety, and was injured by reason of defendant's failure to exercise such high degree of care and such failure proximately caused his injuries, then you should find for the plaintiff."

The defendant contends the instruction placed too high a degree of care required of it in maintaining the premises in a reasonably safe condition. In other words, that the rule as applied to the character of defendant's operation of the fairgrounds only required it to use ordinary care to protect its patrons from injuries. In support of the rule contended, defendant cites the following cases: Maryland State Fair, Inc., v. Henderson, 164 Md. 587, 165 Atl. 698, Syllabus 2; Burke et ux. v. State Fair of Texas (Tex. Civ. App.) 93 S.W. 2d 765, Syllabus 3; Blue Grass Fair Association v. Bunnell, 206 Ky. 462, 267 S. W. 237, Syllabus 4; Clark v. Monroe County Fair Association, 203 Iowa 1107, 212 N.W. 163, Syllabus 7; Welsh v. Jefferson County Agricultural Society, 121 Neb. 166, 236 N.W. 331, Syllabus 1, and Virginia State Fair Association v. Burton, 182 Va. 365, 28 S.E. 2d 716, Syllabus 2.

These cases and many others that might be cited support the rule that defendant's duty under comparable situations as here presented is limited to the exercise of reasonable care. Our previous decisions do not follow what seems to be the prevailing rule in other states, for we have consistently held that one engaged in operating public places of amusement is held to stricter accountability for injuries to patrons than owners of private premises generally.

In Standard Theaters Corporation v. Hughes, 185 Okla. 377, 91 P. 2d 1058, we said:

"The proprietor of a theater who charges an admission price to anyone desiring to receive entertainment owes his patrons the duty to exercise a high degree of care in their behalf to prevent injury to them; and instructions which charge the jury to this effect are proper."

In this case we approved an instruction as follows:

"Instruction No. 12 charged the jury the owner of a theater owed paying patrons the duty to use a high degree of care to keep the premises in a safe condition, and if by failure to do so a patron was injured, the owner was liable. Further, it was the defendant's duty to exercise a high degree of care in maintaining its premises in a reasonably safe condition for the use of its patrons and the same high degree of care in keeping proper lights to make the premises reasonably safe, and, if while exercising reasonable care for her own safety the plaintiff was injured by reason of defendant's negligence in either or both of the particulars referred to, it was the duty of the jury to find for plaintiff."

In an earlier case, Tulsa Entertainment Co. v. Greenlees, 85 Okla. 113, 205 P. 179, the rule was applied in the oper-

ation of a baseball park. In that case, we held:

"The owner of a baseball park to which the public is admitted, upon payment of an admission fee, for the purpose of witnessing baseball games or other athletic contests, owes a duty to the public to use a high degree of care to keep each part of such park in a safe condition for the use to which the several parts are put, and, if on account of such owner's failure so to do, any of the patrons of such park are injured, the owner is liable in damages for such injury."

Defendant suggests that the rule applied in the Standard Theaters case, supra, should be limited to cases where an injury occurs in an indoor public place of amusement but should not be extended to entertainments at a public fair. We do not agree. The duty to exercise a high degree of care is based upon a public policy to protect the general public where large bodies of the public congregate for entertainment. Sand Springs Park v. Schrader, 82 Okla. 244, 198 P. 983, where we lay down the rule the degree of care required increases as the peril increases.

Instruction No. 9 complained of by the defendant reads as follows:

"You are instructed that any person who suffers detriment from the unlawful acts of omission of another, may recover from the person in fault a compensation therefor in money, which is called damages. Detriment is the loss or harm suffered in person or property.

"Damages must in all cases be reasonable.

"If your verdict be for the plaintiff you should determine the reasonable sum which will fairly compensate him for the pain and suffering, which he has endured up to now, and may reasonably be expected to suffer, as the direct and proximate result of the injury received, plus the reasonable sum he has expended for necessary medical and hospital bills, plus reasonable compensation for such disability, if any, which has prevented or may reasonably be expected to prevent the plaintiff from engaging in any lucrative occupations, all not to be more than $4,700.00, the amount sued for by the plaintiff."

In view of the testimony which disclosed that plaintiff expended the sum of $575 for medical expenses and the medical testimony that plaintiff's injury to his wrist and arm was permanent, and that plaintiff had and in all reasonable probability would suffer future pain as a result of the injury, fully justified the form and substance of the instruction.

We held in Midland Valley R. Co. v. Hilliard, 46 Okla. 391, 148 P. 1001, as follows:

"The damages recoverable for bodily pain and suffering are not limited to that which is past, if the proof renders it reasonably certain that the party must suffer in the future. In estimating the pecuniary loss in such cases, all the consequences of the injury, future as well as past, are to be taken into consideration, including bodily pain which is shown by the proof to be reasonably certain will necessarily result from the injury."

The measure of damages for a tort is such an amount that will compensate for all detriment proximately caused thereby. 23 O.S. 1951 §61. Deep Rock Oil Corporation v. Griffeth, 177 Okla. 208, 58 P. 2d 323; Denco Bus Lines, Inc., v. Hargis, 204 Okla. 339, 229 P. 2d 560.

The judgment not being otherwise challenged, we affirm.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.