George **PHILLIPS** and **Jacobus Aleman,**
**Plaintiffs,**

v.

**TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS LOCAL UNION NO. 560, etc., et al., Defendants.**

**Civ. A. No. 155–62.**

United States District Court
D. New Jersey.
Oct. 30, 1962.

John A. Craner, Elizabeth, N. J., for plaintiffs.

Jacob Friedland, Jersey City, N. J., for defendants.

WORTENDYKE, District Judge.

The jurisdiction of this Court in this action is invoked under section 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412. The verified complaint, filed February 23, 1962, is in three counts, complaining of violations of plaintiffs' "bill of rights" guaranteed by the Act, and praying for a judicial directive setting aside proceedings resulting in plaintiffs' expulsion from membership in the defendant Local, and plaintiffs' restoration to full membership therein. Upon return of the order to show cause allowed upon the filing of the complaint, directing the defendants to show cause why they should not be restrained and enjoined from expelling the plaintiffs from membership in the Local, testimony was adduced and other evidence presented, which extended over a protracted period of time. During the course of these proceedings, the parties entered into a stipulation in open court on May 9, 1962, the terms of which are set forth in the margin.[1]

---

1. "1. The parties agree that the plaintiffs in this action will be afforded a retrial (trial de novo) before Joint Council 73, with right to apply to the International president for a retrial (trial de novo) before the General Executive Board or a panel appointed by it pursuant to the International Constitution.

"2. The parties to this action will be afforded the right to apply for a stay of the penalty of expulsion imposed by the Executive Board of Local 560, before Joint Council 73, which application and decision thereon shall be heard and rendered on May 14, 1962, during the hours of 9:00 a. m. and 5:00 p. m., provided,

The Court retained jurisdiction of the cause and the Clerk was directed to retain custody of the exhibits marked in evidence thereon, against the possibility that further resort might be had to the Court with respect to the issues presented by the complaint and the answers filed thereto.

The trial de novo and intra-union review procedures, made available to the plaintiffs pursuant to the provisions of the aforesaid stipulation, resulted in a final determination that the plaintiffs were guilty of certain of said charges. Joint Council No. 73 determined that plaintiffs should be suspended for a two-year period, and that the period of suspension should commence on February 8, 1962. The General Executive Board of the International, upon review, reduced the suspension, stating that it should terminate on December 31, 1962, and that plaintiffs should be reinstated to full membership as of January 1, 1963.

Being dissatisfied with the decision of the intra-union body which tried the charges against the plaintiffs de novo, as modified and affirmed by the International, plaintiffs applied for and obtained on September 21, 1962, a further order to show cause why the preliminary relief by them initially sought in this cause under their verified complaint should not be made available to them.

On October 9, 1962, the defendants applied for, and obtained an order to show cause "why the verified complaint and order to show cause heretofore signed by this Court (pursuant to plaintiffs' application) should not be dismissed." The return of both orders to show cause was adjourned until October 24, 1962, when they were heard together by this Court.

■ Defendants' position is, as I understand it, that plaintiffs' suit should be dismissed for failure to exhaust the required union administrative appellate procedures established by its Constitution, before initially applying to this Court, and they argue that the subsequent utilization of such avenues of relief pursuant to the stipulation of May 9, 1962, is ineffective to cure the deficiency. The stipulation referred to (footnote 1 supra) granting to plaintiffs the right to receive a trial de novo and to appeal therefrom if they so desired, was entered into by counsel for both sides, of their own volition. Pursuant thereto, plaintiffs received a trial de novo before the Joint Council 73, and appealed the decision of that body to the International,

however, that if the stay aforementioned is denied, appropriate appeal to the International president or General Executive Board will be afforded and provided, however, that if the application for the stay is denied, the fact that plaintiffs to this action have been expelled from Local 560 shall not be used as evidence upon the retrial (trial de novo) against them or considered as part of any decision.

"3. At said retrial (trial de novo) only the following witnesses shall be permitted to testify: George Phillips, Jacobus Aleman, Lawrence Learn, Steve Harnos, Paul Cahill, Anthony Andretta, and Edward Lorenc. Secondly, a stenographic record shall be furnished to plaintiffs by the union, provided that plaintiffs shall be required to pay for their own copy of said transcript. The police record introduced previously and the original trial transcripts (plaintiffs and defendants) (sic) shall be excluded as evidence, and the minutes of the December 14, 1961 meeting of Local 560 shall not be ex-
cluded provided, however, that plaintiffs shall have all rights of objection to said minutes and all rights to comment thereupon.

"4. Said retrial (trial de novo) shall be concluded by May 23, 1962 by Joint Council 73, and as soon as possible thereafter, if heard by the General Executive Board or panel aforementioned and decision rendered as speedily as possible thereafter by the body hearing said retrial (trial de novo) provided, however, that plaintiffs stipulate to pursue said retrial (trial de novo) with dispatch.

"5. That Anthony Provenzano will not sit in the retrial (trial de novo) of this case or upon any application for a stay as aforementioned.

"6. This stipulation is made by the parties hereto without prejudice on their parts and without foreclosing the opportunity to renew this matter before this Court upon an appropriate application concerning all issues heretofore and hereafter to be raised."

which rendered its modification thereof prior to October 24, when defendants orally argued this motion to dismiss. I find that plaintiffs have availed themselves of all intra-union appeals, and the fact that they did so pursuant to stipulation after the complaint herein had been filed is of no consequence. Accordingly, defendants' order to show cause is dismissed.

Plaintiffs contend that the evidence presented before Joint Council 73 which tried the charges against the plaintiffs de novo, failed to support that body's finding that the plaintiffs were guilty of the charges referred to. Plaintiffs, therefore, presently contend that this Court has jurisdiction to, and should set aside, the decision of Joint Council No. 73, together with the affirmance thereof by the International with respect to the guilt of the plaintiffs, and should afford to the plaintiffs a hearing before this Court upon the issue of guilt, upon evidence produced by or in behalf of the plaintiffs in support of their application for the preliminary injunctive relief prayed for in their complaint. In sum, plaintiffs ask this Court to review the evidence presented before Joint Council 73, to determine whether it was sufficient to support the findings of that body, and if not, to set aside those findings and the penalties imposed, as modified, and direct the immediate reinstatement of the plaintiffs to full membership in the Local union.

It is conceded by the plaintiffs that, in the proceedings afforded to them pursuant to the stipulation for trial de novo and review, they received the equivalent of due process of law. They contend, however, that the findings by Joint Council 73 of guilt of the plaintiffs on the charges preferred against them by their fellow-member Andretta, amounts to a deprivation of the rights guaranteed to the plaintiffs by the Act, and that this Court is authorized and required to review and set aside that determination and restore the plaintiffs to the membership status which they enjoyed prior to the initial institution of disciplinary proceedings against them upon said charges.

Section 102 of the Act (29 U.S.C. § 412) authorizes a person whose rights are secured by the provisions of the "bill of rights" subchapter of the Act, to bring a civil action in a United States District Court "for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 411(a) (5) provides that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." It appears without contradiction that the plaintiffs in the case before me were duly served with written specific charges and were given a reasonable time to prepare their defense. There remains the question whether they were "afforded a full and fair hearing."

■ "All that a union member is entitled to in any controversy between him and the union is a fair hearing." Smith v. General Truck Drivers etc. Union, Local 467, D.C.Calif. 1960, 181 F.Supp. 14, 17, cited and quoted in Rosen v. District Council No. 9, D.C. N.Y. 1961, 198 F.Supp. 46, 48. In determining whether the plaintiffs in the present case were afforded a "fair hearing" the Court is neither authorized nor required to weigh the evidence presented to the union disciplinary body, or to substitute its judgment for that of the union body respecting the credibility of the witnesses or the weight of the evidence.

■■ In the domain of judicial appellate review of factual decisions of trial courts, the principle is well established that the appellate court will not retry issues of fact, or substitute its judgment for that of a trial court; and the power of a court or of an administrative agency to decide doubtful questions of fact within the limits of its jurisdiction, is not confined to deciding them correctly, or in conformity with what might be the views of an appellate court. Coates v. Commissioner of In-

ternal Revenue, 8 Cir.1956, 234 F.2d 459; Cities Service Oil Co. v. Harvey, 10 Cir. 1945, 148 F.2d 780. The power of a union local to adopt a constitution and by-laws and to provide therein for penal disciplinary proceedings against members of the local, was recognized before the Labor-Management Reporting and Disclosure Act became effective. In cases in which jurisdiction over the parties has been acquired, courts have undertaken to review the propriety of such intra-local disciplinary proceedings and, in doing so, have adhered to the principle that the decisions of intra-union trial bodies in disciplinary proceedings before them, pursuant to the provisions of the constitution and by-laws of labor organizations, are final and conclusive, and binding upon a reviewing court as far as findings of fact are concerned. International Association of Machinists, etc. et al. v. Friedman, 1958, 102 U.S.App.D.C. 282, 252 F.2d 846, cert. den. 357 U.S. 926, 78 S.Ct. 1370, 2 L.Ed.2d 1370; Riverside Lodge No. 164 v. Amalgamated Association of Iron, etc. Workers, etc. et al., D.C. Pa.1935, 13 F.Supp. 873. Our research fails to disclose a case factually similar to that at bar, in which findings of fact by an intra-local disciplinary hearing body, under the Act, have been reviewed by a court. The application in the present case of a more liberal rule than that followed by an appellate court in passing upon the sufficiency of evidence to support the judgment of a trial court, would be unwarranted. However, we turn to the evidence which was presented on the trial de novo of the charges against the plaintiffs before the Executive Board members of Teamsters Joint Council 73, on June 26, 1962. A transcript of the testimony adduced upon that hearing has been admitted in evidence in the proceedings before this Court.

The charges before that body against Phillips were as follows: Violation of his responsibilities as a member of the Local; conduct interfering with the performance of the Local's legal or constitutional obligations; gross disloyalty or conduct unbecoming a member; abuse of fellow members or officers by oral communications in the meeting hall; activities tending to bring the Local or the International into disrepute; disobedience of the rules, regulations, mandates and decrees of the Local and of the International; and disorderly conduct in a union meeting.[2] Similar charges were preferred against Aleman, and to all of the charges preferred against them, each of the plaintiffs had pleaded not guilty.

The trial body found both plaintiffs guilty of conduct unbecoming a member, in the form of oral abuse of fellow members and officers in the meeting hall, disobedience of the rules and regulations of the Local, and disorderly conduct in the union meeting. The trial body found in particular that Phillips stood up for about a half hour, yelling and shouting at a fellow member, while the latter had the floor and was trying to explain a motion which he had made; that neither plaintiff permitted the fellow member to speak, but continued to shout and raise their voices; that they refused to sit down when called to order by the chairman on several occasions; that Phillips punched a fellow member in the face and body, creating an incident which resulted in disorder; and that when the sergeant-at-arms of the meeting, under the direction of the Local president, was requested to restore order, he was assaulted by Aleman, who struck him with a chair; and that the actions of both plaintiffs caused a riot at the meeting requiring the intervention of municipal police forces for the restoration of order.

2. Article XXII of the Constitution and By-Laws of Local 560 prescribes various offenses for which officers and members of the Local may be required to stand trial. They include violations charged against the plaintiffs in this case. Article XXIII of the same Constitution prescribes procedures for charging and trying the charges referred to in the preceding article and contains guarantees of due process and fair play to members charged.

At the trial de novo before the Joint Council, Andretta, the Local member who preferred the charges against the plaintiffs, testified from a prepared statement. His testimony, if believed by the trial body, amply supports the factual findings thereof. There was also read into the record, over the objection of the plaintiff Phillips, the minutes of the Local meeting of December 14, 1961, at which the rioting took place, and which were adopted and approved at the following meeting of the Local in January, 1962. The objection of Phillips to the admission of the minutes into evidence was based upon his stated contention that they were inconsistent, that he could prove such inconsistency, and that he reserved the right to use them on cross-examination of Andretta. Lorenc, the sergeant-at-arms of the Local, testified that he was directed to restore order by quieting Phillips and Aleman, who were shouting; that he requested them to be quiet, and that he was hit by Aleman, fell down, was jumped upon by various fellow members. As he later backed away from the melee, he was hit in the head with a chair, and fell down again.

Phillips thereupon cross-examined, successively, both Andretta and Lorenc. In the course of cross-examination, Andretta reiterated that when he requested Phillips to be quiet, Phillips hit him in the face and started to hit him in the body, and that he preferred the charges against Phillips because the latter hit him for no reason at all. He denied that he was requested or otherwise induced to prefer the charges, contending that he did so upon his own initiative. Andretta also testified, on his cross-examination, that he saw Aleman strike Lorenc, the sergeant-at-arms, with a chair. The cross-examination of Lorenc likewise reaffirmed the substance of his direct testimony. Other witnesses called by the accuseds denied seeing Phillips or Aleman strike Andretta or Lorenc, and both accuseds denied the accusations against them.

I, therefore, conclude that the findings of the Joint Council 73 amply justified its conclusion that both the plaintiffs were guilty of the charges specified. Consequently, upon the admissions of the plaintiffs, as well as after a careful scrutiny of the evidence presented de novo before the Teamsters Joint Council 73, I can discern no evidence of a denial of due process to either of the plaintiffs by the trial body. Accordingly, the application for preliminary injunctive relief is denied.

The evidence adduced on the return of the order to show cause was all of the proof which could have been made available on final hearing. I have, therefore, treated the hearing upon the return of the order to show cause for preliminary relief as if it were the final hearing in this cause.

Plaintiffs' reliance upon Nelson v. Brotherhood of Painters, etc. Local Union 386, D.C.Minn. 1961, apparently not officially reported but cited in plaintiffs' brief as C.C.H. 41, Labor Cases 23807 Para. 16,755, is misplaced. That decision was rendered on return of order to show cause for preliminary injunctive relief upon affidavits in an action by members of a local union suspended by the local's executive board upon charges of violations of the local's constitution. The court recognized jurisdiction under 29 U.S.C. § 412. Plaintiffs were given due notice of the hearing, but were refused legal counsel and tried as a group. A member of the trial body was disqualified and replaced by another member of the local who had been investigating communism among the membership. The charges were in writing, particularized and timely served. The hearing commenced upon the charges against two, in the presence of all of the accuseds. Thereafter, the hearing body caucused and determined to proceed further upon an individual basis, with only the person on trial, his witnesses and counsel permitted to be present. On the second trial day, the procedure was changed by the board's announcement that the trials would not be under the constitution, but under Roberts Rules of Order, and that each person charged would lose all rights in the union, and would be considered guilty until his innocence was proved.

The accuseds were not permitted to call one another as a witness, or use him as counsel. Matters extraneous to the specific charges were considered. Reasonable opportunity to select counsel and prepare defense was denied. A majority of the board were biased, and hostile to the accuseds. Penalties of fines, suspension and expulsion were meted out. The court granted preliminary injunctive relief by suspending the taking effect of the penalties imposed because it found reasonable cause to believe that the complaining petitioners were being denied rights guaranteed by § 101(a) (2) of the Act, without having been afforded a full and fair hearing as guaranteed by § 101(a) (5) thereof. Such is not the situation disclosed in the case at bar.

I conclude therefore, on the merits, that the complaint should be and it will be dismissed. An appropriate order may be presented.

The foregoing opinion shall constitute the findings of fact and conclusions of law required to be filed by the Court pursuant to Rule 52(a).