Jose A. REYES, Plaintiff,

v.

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 16, et al., Defendants.

Civ. No. 7981.

United States District Court,
D. New Mexico.

June 11, 1971.

Leonard L. Pickering, Albuquerque, N. M., for plaintiff.

John Quinn, Santa Fe, N. M., for defendants.

## MEMORANDUM OPINION AND ORDER

PAYNE, Chief Judge.

The scope of the Court's review in a union disciplinary proceeding is limited to insuring that the union member received due process at the hands of the trial board. Phillips v. Teamsters, Chauffeurs, etc., Local Union No. 560, 209 F.Supp. 768, 771, 772 (1962). In most cases, if the procedural requirements of the Labor Management Reporting and Disclosure Act (LMRDA) are, in fact, met, the Court need look no further. Those standards are enumerated in Section 101(a) (5) of the Act. 29 U.S.C.A. § 411(a) (1965).

"Safeguards against improper disciplinary action. No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

The Court finds that the trial board complied with these requirements. Due process under the LMRDA, however, as in other contexts, requires more than adherence to mere mechanical formalities. If the disciplinary proceeding has been instituted for the purpose of denying the member rights guaranteed to him by the Act, the Court may scrutinize the entire proceeding and the surrounding circumstances to determine whether the institution of charges was improperly motivated. Gleason v. Chain Service Restaurant, 300 F.Supp. 1241, 1259 (D.C.1969).

The Court admitted testimony at the trial concerning all the circumstances surrounding the charges and union trial of Mr. Reyes. The Court finds that substantial evidence was presented at the trial which showed that the incidents upon which the charge was based were not feigned or imaginary.

The Court finds that the charge and disciplinary proceeding were brought against Jose Reyes for legitimate reasons and not for the purpose of denying him rights guaranteed by the LMRDA.

The scope of free speech guaranteed to members under the Act is broader than that guaranteed by the Constitution. Congress made it so in

order to permit vigorous debate on matters of union policy. Salzhandler v. Caputo, 316 F.2d 445 (2 Cir. 1963). The right of free speech protected by the Act does not, however, give a member license to advance his views by threatening physical harm to elected union officials. The charges and evidence adduced at trial show that Mr. Reyes was disciplined for threatening the union president and not for advocating his views.

It is, therefore, ordered and adjudged that the plaintiff take nothing by reason of his complaint in this cause of action, and the merits of the case are hereby decided in favor of the defendant and against the plaintiff.

It is further ordered and adjudged that the complaint and this cause of action be, and the same are hereby, dismissed with prejudice.